LEO ROGERS *vs.* JOHN J. DALTON.

Norfolk.    November 10, 1936. — September 16, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way.

Evidence which went no further than to show a collision of an automobile with a pedestrian crossing a street but nothing as to the circumstances of the operation of the automobile did not warrant a finding that the operator was negligent.

TORT.    Writ in the District Court of Western Norfolk dated October 28, 1935.

The action was heard by *James,* J., who found for the plaintiff in the sum of $1,800.   Upon report to the Appellate Division for the Southern District, judgment was ordered entered for the defendant.   The plaintiff appealed.

*R. I. Gottlieb,* for the plaintiff.

*H. E. Cryan & E. P. Shaw,* for the defendant, submitted a brief.

DONAHUE, J.   The plaintiff while walking across a street was struck and injured by an automobile operated by the defendant.   This action was brought in a district court where the judge found for the plaintiff and denied all the defendant's requests for rulings, on the ground that they were inapplicable to the facts found, without making any specific findings of facts.   See *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261.   He reported his rulings to the Appellate Division which found error in the refusal to

give the requested rulings: "4. The plaintiff has failed to prove by a fair preponderance of the evidence the allegations in his declaration" and "7. There is no evidence of speed or negligence on the part of the defendant and as a matter of law, there should be a finding for the defendant." The Appellate Division ordered judgment entered for the defendant.

The defendant introduced no evidence at the trial. The entire statement in the record as to the evidence of the happening is here quoted: "At the trial there was evidence tending to show that about 11:55 P.M. on October 4, 1935, the plaintiff had been walking along the left hand side of Main Street, Walpole, and was struck by an automobile operated by the defendant, as the plaintiff, after looking both ways and seeing no automobile, was crossing to his right hand side of the road and had reached a point about five or six feet from the side of the road he was approaching and five to ten feet from a light on the highway. The plaintiff was dressed entirely in black. The plaintiff testified 'I was crossing street. No see car. I don't see auto at all before he catch me.' " The report states that it contains all the evidence material to the questions reported.

The declaration alleged "negligence of the defendant . . . in the operation of . . . [his] automobile." The report contains the statement: "There was no evidence whatever as to the speed or manner of operation of the defendant's automobile." If this language be given its literal meaning, the plaintiff's evidence did not support the allegations of the declaration and a finding for the defendant would be required. At any rate the few facts recited in the record with all permissible inferences therefrom do not warrant the conclusion that the defendant was negligent.

There is an absence of evidence of many facts in connection with the happening, some of which if present in evidence might in combination have afforded a basis for the inference that the defendant was negligent. The circumstance that the plaintiff looked both ways before starting to cross the street, in the absence of testimony as

to what he saw or how far he could see under existing conditions, permits no conclusion as' to the position of the automobile at that time or as to its distance from the point of collision. Neither the direction from which the defendant's automobile came, nor the part of the vehicle which came in contact with the plaintiff, nor anything indicating how far, if at all, the automobile travelled after the collision, nor anything indicating the force of the impact, is shown. Nothing appears as to weather or traffic conditions, or as to whether the street was straight or curved, or whether there were, nearby, intersecting streets, or whether the locality was thickly, or sparsely, settled. The plaintiff testified that at the time of the collision he was five to ten feet "from a light on the highway." Whether this was an ordinary street light, or some sort of light actually upon the surface of the highway, is not clear. The character of the light or the extent to which it illuminated the scene is not disclosed.

The evidence goes no farther than to show a collision of the defendant's automobile and the plaintiff. That is not enough to sustain the burden which was on the plaintiff to prove that he was injured by the defendant's negligence. *Nager* v. *Reid,* 240 Mass. 211. *Rizzittelli* v. *Vestine,* 246 Mass. 391. *Whalen* v. *Mutrie,* 247 Mass. 316.

*Order of Appellate Division affirmed.*