JOSEPH LUVERA *vs.* JOSEPH F. DeCARO.

Hampden.  September 21, 1944. — October 26, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence,* Motor vehicle, Use of way.

The mere fact that an automobile was on the operator's left side of a street when it ran into a boy on a "scooter," would not have warranted a finding of negligence of the operator.

TORT. Writ in the District Court of Springfield dated September 13, 1941.

On removal to the Superior Court the case was tried before *Leary,* J.

In this court the case was submitted on briefs.

*R. W. King,* for the plaintiff.

*C. R. Brooks & D. B. Wallace,* for the defendant.

DOLAN, J. This is an action of tort brought by the minor plaintiff to recover compensation for personal injuries alleged to have been sustained as a result of negligence on the part of the defendant, and by the minor plaintiff's father for consequential damages. See G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1. The case comes before us on exceptions to the action of the judge in allowing the defendant's motion for a directed verdict in his favor.

On February 26, 1941, at about 10 A.M., the minor plaintiff, hereinafter referred to as the plaintiff, who was then eleven years of age, was riding and operating a "scooter" on Quincy Street, a public street in Springfield. "The scooter was a board, a two by four, with roller skates on the bottom of the board, with sort of a box on top; there was no handle. . . . [The plaintiff] operated it with one foot on the board and pumped along with the other foot. There were no cars parked on the street at the time of the accident." When the plaintiff "got the scooter" he went up the street. He looked up and down the street but saw no "cars" coming. As he "got down to the other end" of the street, "the corner," he turned around in the middle of the street and "saw a car coming down the street. . . . About two . . . or three houses down." He was on the right side of the street. The defendant was operating his automobile on his left side of the road when it hit the plaintiff, knocking him off the scooter and injuring him. Evidence was introduced by the defendant of certain city ordinances prohibiting the coursing, coasting or sliding upon any sleigh, ski, sled or other vehicle constructed specifically and expressly for motion by sliding in, along or upon any street or portion thereof within the prescribed limits of the city of Springfield, and prohibiting persons, with exceptions not here material, from putting in motion or using in motion any wheeled vehicle in, along or upon any of the streets or portions thereof within the prescribed limits of the city "unless such vehicle shall be propelled by some beast attached thereto, or drawn or pushed by some person on foot. This section shall not apply to the use of bicycles, tricycles, motorcycles or automobiles"; and imposing a penalty for violation thereof. At the conclusion of the evidence the judge granted the defendant's motion for a directed verdict in his favor.

There was no error. The evidence most favorable to the plaintiff would not have warranted a finding that the injuries sustained by him were caused by any negligence on the part of the defendant. Other than the fact that at the time of the collision the defendant was operating his auto-

mobile on the side of the road to his left, there is nothing
in the evidence to show any negligence on his part having
a causal relation to the plaintiff's injuries.   The circum-
stances attendant upon the operation of his vehicle by the
defendant on the left side of the public way are not shown.
In *Conley* v. *Town Taxi, Inc.* 298 Mass. 130, 131, 132, the
court said, "Because of the suddenly changing conditions
as to traffic which nowadays are apt at any time to confront
any operator of a motor vehicle upon a public highway, it
is often impossible to say whether his specific acts or his
omissions to act are negligent unless the accompanying
circumstances appear."   There is nothing in the record in
the present case to show that the defendant saw the plain-
tiff, or in the exercise of due care could have seen him, in
time to avert the collision.   Any such conclusion would be
based on conjecture and not on fact.   See *Nager* v. *Reid*,
240 Mass. 211, 214.   Upon the facts the case is much like
that of *Rogers* v. *Dalton*, 298 Mass. 146, 147–148.   The
circumstances there set forth as existing at the time of the
accident are like those in the present case in decisive par-
ticulars.   They need not be repeated.   It is sufficient to
say that here, as in that case, the evidence goes no farther
(on the issue of the defendant's negligence) than to show a
collision of the defendant's automobile and the plaintiff
while the defendant was operating his vehicle on his left
side of the road.   That is not enough to sustain the burden
resting on the plaintiff to prove that he was injured by the
defendant's negligence.   See *Whalen* v. *Mutrie*, 247 Mass.
316, 318.   It is unnecessary to consider whether any viola-
tion of city ordinances by the plaintiff at the time of the
accident bars recovery by him.

*Exceptions overruled.*