INEZ M. TAMAGNO, administratrix, *vs.* FRANCIS E. CONLEY.

Suffolk.    December 5, 1947. — January 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence,* Motor vehicle.   *Evidence,* Of speed.

Evidence that an automobile which struck a pedestrian approached him
"so fast" was too indefinite to support a finding that the automobile
was moving at an unreasonable or dangerous speed.

A finding of negligence on the part of the operator of an automobile
would not have been warranted on evidence merely that a pedestrian
was struck by the automobile when, crossing in the evening a well
lighted street forty feet wide, he "had . . . [his] foot almost on the
sidewalk."

TORT.  Writ in the Superior Court dated October 10, 1945.
The case was tried before *Dowd,* J.

In this court the case was submitted on briefs.

*J. J. Mahan,* for the plaintiff.

*T. H. Mahony,* for the defendant.

LUMMUS, J.   This is an action of tort in two counts, the
first to recover for the death of the plaintiff's intestate,
Anthony Tamagno, under G. L. (Ter. Ed.) c. 229, § 5, as
amended, and the second under G. L. (Ter. Ed.) c. 229, § 6,
as amended, to recover for his conscious suffering.  At the
close of the evidence the judge ordered verdicts for the
defendant, and the plaintiff excepted.

The evidence may be summarized as follows.  The plain-
tiff's intestate, aged sixty-nine years, while crossing St.
Botolph Street in Boston, was knocked down by an auto-
mobile owned and operated. by the defendant.  There was
evidence that the accident ultimately caused death.  The
plaintiff's intestate, in a statement to the plaintiff, described
the accident as follows: "I was coming from the A. & P.
and I had my basket, and had my foot almost on the side-
walk and the car came so fast and struck me down."  The
judge ordered struck out that part of the foregoing state-
ment that described the automobile as going "so fast,"

and the plaintiff excepted. But there was no error in strik-
ing out that expression. Testimony that a vehicle is going
fast, standing by itself, is too indefinite to support a finding
that it was going at an unreasonable or dangerous speed,
whether it is suffered to remain in the evidence or not.
*Foley* v. *Boston & Maine Railroad,* 193 Mass. 332, 335.
*Whalen* v. *Mutrie,* 247 Mass. 316, 318. *Marcienowski* v.
*Sanders,* 252 Mass. 65, 67. *O'Brien* v. *Bernoi,* 297 Mass.
271, 273. *Reynolds* v. *Jacobucci,* 317 Mass. 500, 504. Com-
pare *Cuddyer* v. *Boston Elevated Railway,* 314 Mass. 680, 682.

We see nothing in the record tending to show negligence
on the part of the defendant, unless it be the fact that the
plaintiff's intestate had nearly reached the sidewalk toward
which he was walking before he was struck. That, we think,
was not enough. The accident happened in the early eve-
ning on October 14, 1944. The street was forty feet wide,
and was well lighted. There is no evidence as to the speed
or manner of operation of the defendant's automobile. The
mere fact that the accident happened is of course no evi-
dence of the defendant's negligence. *Conley* v. *Town Taxi,
Inc.* 298 Mass. 130, 132. *Rogers* v. *Dalton,* 298 Mass. 146,
148. *Luvera* v. *DeCaro,* 317 Mass. 222, 224.

*Exceptions overruled.*