Rowe, P. J.
This is an action of tort to recover for property damage to the plaintiff’s automobile by reason of alleged negligence on the part of the operator of the defendant’s automobile. The trial judge found for the plaintiff. The crucial question is as to whether there was error in the denial of the defendant’s second request for ruling, which reads as follows : “ (2) The plaintiff has failed to sustain the burden of proving his vehicle was damaged through the negligence of the defendant, his agents or servants.” In our opinion this request should have been given.
The report shows the following to be all the facts in the case:
At the trial the plaintiff testified that on September 30, 1948 he was the owner of a 1941 Plymouth sedan. On that date between 8 P. M. and 8:10 P. M. he parked his car on the left side of Providence Street, Boston, facing in the direction of Massachusetts Avenue from Arlington Street. Providence is a one-way street in the direction the plaintiff’s vehicle was faced. When he parked his car there was no vehicle immediately in front of his. There were cars parked in front of his but there was an intervening space between his car and the vehicle next in front of his. He *93 did not know how large the intervening space was. He did not know if it was 10 feet or not. He did not know the identity of this vehicle next in front of him. He did not know whether or not it was the defendant’s vehicle. There were also cars parked to the rear of his car. He left his car and returned to it between 20 and 30 minutes later. On his return he found the rear bumper of a panel delivery sedan interlocked with the front bumper of his car. The rear bumper of the delivery sedan was higher than his front bumper. This delivery sedan bore 1948 Massachusetts license plate 365592 and it was agreed this vehicle was registered in the name of the defendant. The plaintiff was unable to disengage the vehicle. He got into his car and tried to back up but the bumpers would not free themselves. An unidentified person who was passing by stood on the front bumper of the plaintiff’s car as the plaintiff backed it up. The vehicles were thus disengaged from one another. As a result of this incident there was damage to the front grille, chrome trim, front fenders and bumperettes of the plaintiff’s vehicle. There was no visible damage to the defendant’s vehicle. The plaintiff then drove off. He did not see how the accident occurred and he did not wait for the defendant or the operator of the defendant’s vehicle to return.
The defendant testified that on September 30, 1948 he was the owner of a panel delivery sedan bearing 1949 Massachusetts license plate 365592. On that date he parked his vehicle between 7:30 P. M. and 8:00 P. M. on the left side of Providence Street, Boston, facing the direction of Berkeley Street from Arlington Street. There was plenty of room for him to park. He parked by driving in forwards. He did not back up at any time in parking. There were other vehicles parked ahead of and behind his but there was space between his vehicle and the others. His vehicle did not strike any vehicle while he was in it on Providence Street. He left his vehicle parked. He went to Schrafft’s Restaurant on Boylston Street to meet his wife who was a waitress there. He was accustomed to pick up his wife about three evenings a week. She got through work at 8:00 P. M. It took her about 10 minutes to change her uniform after work. The first knowledge he had of a report of an accident was about 2 weeks later when he received notice from the police department. He was then unable to find any damage to his vehicle.
*94 Here we have the fact that the plaintiff left his car parked and when he came back he found the bumper of his own car and that of the defendant’s car interlocked. That is not enough on which to predicate liability for negligence.
The mere fact of damages or injury does not create any presumption of negligence. King v. Belmore, 248 Mass. 108, 114, and the mere fact that there was an accident is not evidence of the defendant’s negligence. Tamagno v. Conley, 322 Mass. 218, 219.
It is only when common experience shows that it would not be unreasonable to infer that the situation would not be as it was unless negligence could be inferred rather than the matter left to conjecture that liability can be established. Grange v. Adley Express Co., Inc., 318 Mass. 762.
There are some cases where there is not much direct evidence as to the defendant’s negligence but there are varying additional facts which show that negligence may be inferred, and would not be left to conjecture. For illustration of these various additional facts see Kerr v. Palmieri, 91 N. E. 2nd, 754 (Mass.), recently decided and the cases there cited of page 756. But in the case at bar there are no additional facts which would remove the question of the defendant’s negligence from that of speculation to that of inference.
There was prejudicial error in the denial of the defendant’s second request for ruling.
The finding for the plaintiff should be vacated and judgment entered for the defendant.