Rescripts.

DALIE NIGRO *vs.* PLYMOUTH ELECTRONICS CORPORATION. November 5, 1957. Exceptions overruled. This is an action of contract upon an account annexed to recover for work performed and supplies furnished which was heard in the Superior Court upon the report of an auditor. The judge found for the plaintiff in the sum of $3,813.95. The defendant does not show that the judge was in error in failing to grant the defendant's motion that judgment should be entered for the plaintiff in the sum of $2,268.69 and interest. The contracts were executed and the plaintiff could recover upon an account annexed. *Cullen* v. *Sears,* 112 Mass. 299, 308. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 310. *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107.

*Jacob Y. Young & Carl Liddy,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.


ROSE H. McNALLY *vs.* UNION STREET RAILWAY COMPANY. December 3, 1957. Exceptions overruled. A passenger in a bus of the defendant seeks to recover for personal injuries suffered when the bus stopped abruptly to avoid hitting an automobile which it had been following in a line of traffic, on Purchase Street in New Bedford, at a distance of six to eight feet. The defendant excepted to the denial of its motion for a directed verdict. There was a verdict for the plaintiff. The evidence most favorable to the plaintiff tended to show that other passengers were bumped and a lady was thrown from her seat; that, as the bus approached Kempton Street, the driver turned his head and "looked to his right down Kempton Street . . . and then when he looked forward the car ahead of him had come to a stop and he stopped immediately" applying his brakes "suddenly." Even if the stop was an emergency one, caused by the sudden moving into the line of traffic of a "truck up forward," there was evidence from which negligence could be found from all the circumstances taken together including (a) the inattentiveness of the driver in turning to look down Kempton Street (see *Conrad* v. *Mazman,* 287 Mass. 229, 233), (b) the short distance at which the driver was following the automobile ahead of him and (c) the abruptness of the stop, from which the jury might have inferred (see *Morton* v. *Dobson,* 307 Mass. 394, 398; *Mitchell* v. *Silverstein,* 320 Mass. 524, 526–527; compare *McGrath* v. *Parsons,* 312 Mass. 476, 478–479; *Cleary* v. *St. George,* 335 Mass. 245, 247–249) a speed somewhat above the ten to twelve miles per hour admitted by the driver. Although the driver's conduct was plainly less subject to adverse appraisal than that considered in the cases next cited, there was evidence requiring submission of the case to the jury. *Murphy* v. *New England Transportation Co.* 273 Mass. 275. *Jennings* v. *Bragdon,* 289 Mass. 595, 597–598. *Vieira* v. *East Taunton Street Railway,* 320 Mass. 547, 549–550 (involving substantially higher speeds than in the present case). See *Turner* v. *Berkshire Street Railway,* 292 Mass. 313, 315. Compare *Granger* v. *Lovely,* 302 Mass. 504, 507. The combination of circumstances here present distinguishes this case from cases like *Niland* v. *Boston Elevated Railway,* 213 Mass. 522, *Conley* v. *Town Taxi, Inc.* 298 Mass. 130, 132, and *Cuddyer* v. *Boston Elevated Railway,* 314 Mass. 680, 682–685.

The case was submitted on briefs.

*Gerald P. Walsh,* for the defendant.

*William A. Torphy,* for the plaintiff.