MARIE E. CALDERONE, administratrix, *vs.*
TERRILL W. WRIGHT & another.

Middlesex.    September 14, 1971. — October 29, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Negligence*, Motor vehicle.

Evidence in an action warranted findings that when the left side of an
automobile proceeding westerly on a highway divided by a center
line collided with the left rear of a tank trailer truck proceeding
easterly the contact took place in the westbound lane, and that the
operator of the truck was negligent. [175–176]

TORT.    Writ in the Superior Court dated February 21,
1966.

The action was tried before *McLaughlin, J.*

*John W. Costello* for the plaintiff.

*Philander S. Ratzkoff* for the defendants.

TAURO, C.J.    This is an action of tort brought by the
wife of the decedent as administratrix of his estate, follow-
ing a motor vehicle accident which resulted in the death of
her husband.    The sole issue is the correctness of the trial
judge's allowance of the defendants' motion for directed
verdicts.    "The question presented by the motion was not
the weight of the evidence but whether there was any evi-
dence viewed in the light most favorable to the plaintiff
that would support her cause of action." *Howes* v. *Kelman*,
326 Mass. 696, 697.

We recite the facts which the jury could find on the evi-
dence.    On February 25, 1964, at approximately 6:30 P.M.
the defendant Wright was operating a large eight foot wide
tank trailer truck owned by the defendant G. Murphy
Transportation, Inc., going east on Route 20 in Wayland.
The roadway was twenty-eight feet in width with a center
line dividing the eastbound and westbound lanes.    The
decedent was driving west in a small Rambler station

wagon.  The weather was clear and the street lights were on in the vicinity of the accident.  There was a collision between the two vehicles and the Rambler went to its left of the road into a snow embankment.

Photographs introduced in evidence revealed extensive damage to the left front and left side of the Rambler.  There was a mark on the road leading from a point "just a little to the right of the center line" to the rear of the Rambler in the snowbank.

The defendant Wright testified that he did not remember whether, as he approached the point of the accident, he saw the decedent's car coming from the opposite direction but that he saw other cars coming; he could see the road clearly for 150 feet before the accident.  He did not see the center line of the roadway before the accident although he did see it after the accident.  He said, "all he felt was like a thump, like a hole in the road."

A number of photographs of the two vehicles and the roadway taken shortly after the accident were admitted in evidence.  One of the photographs indicates extensive scuff marks on the outer surface of a left rear tire of the tank trailer which the defendant Wright identified as the area of contact.

One Brown, also an employee of the defendant G. Murphy Transportation, Inc., was called by the plaintiff and declared by the trial judge to be a hostile witness.  He testified that he was driving about 150 yards behind Wright.  He saw the decedent's car collide with the front of the rear tandem of the trailer.  "He saw nothing unusual about this car before the accident occurred. . . . From its headlights, it was going straight ahead in its own lane."

Although the evidence is meager a majority of the court are of opinion that it was sufficient to present a jury issue as to the defendants' negligence.  *Kennedy* v. *U-Haul Co. Inc. ante* 71.

The fact that the left side of the decedent's car was in contact with the left rear tandem of the trailer is not decisive on the issue of negligence.  On all the evidence the

jury could have inferred that when the collision occurred the left rear portion of the trailer was partially to the left of the center of the road and in the pathway of the decedent's car. Wright testified that his trailer was empty and it "holds the road a little better when full than when empty."

The markings on the road and the testimony of Brown were enough to permit a finding by the jury that the contact took place in the westbound lane traveled by the decedent. See G. L. c. 89, § 1. It is true that Brown's testimony was conflicting and that he testified also that the trailer was on its side of the road. However, the jury were not required to believe this portion of the testimony. "They may disbelieve the whole or a part of a party's [or witness's] testimony, even where it is uncontradicted." *Lydon* v. *Boston Elev. Ry.* 309 Mass. 205, 206. *Sullivan* v. *Old Colony St. Ry.* 200 Mass. 303.

The decedent was dead on arrival at the hospital. The burden of proof as to his contributory negligence was on the defendant. G. L. c. 231, § 85. We cannot say as a matter of law that this burden was sustained. *Coates* v. *Bates,* 265 Mass. 444, 449.

*Exceptions sustained.*