*Municipal Court of the
City of Boston*

No. T-25973

## LILLIAN KELLEY

### v.

## YELLOW CAB CORP. OF BOSTON

Argued: Apr. 27, 1973 - Decided: May 4, 1973

*Present:* Lewiton, C.J., Morrissey, Canavan, JJ.

Case tried to *Elam, J.*

**Lewiton, C.J.** In this action of tort, the plaintiff sought to recover for personal injuries which she sustained while riding as a paying passenger in a taxi cab. In her declaration she alleged that her injuries were sustained by reason of the "negligent maintenance, control and use of said taxi cab, to wit: that the visor attached to said cab fell down and struck the plaintiff. . . ." The defendant answered by way of general denial and a plea of contributory negligence.

At the conclusion of the trial the court denied the defendant's request for a ruling that "a finding for the defendant is required as a matter of law", and made a finding for the plaintiff.

*At the trial* the only evidence bearing on the manner in which the accident happened consisted of evidence that the plaintiff was a passenger in the front seat of the cab; that

"there were two other persons seated in the back seat; that the taxi cab was proceeding along on some street in Boston, Massachusetts, when it come to a stop as a result of which the plaintiff was thrown forward and hit the visor of the taxi cab"; that the plaintiff "observed traffic in front of the cab, but did not know the street where the accident happened, that the glasses she was wearing fell off. . . ."

The denial of the requested ruling was error. It is elementary that the mere happening of an accident on the highways is no evidence of negligence. *Conley* v. *Town Taxi Inc.,* 298 Mass. 130, 132. *Rogers* v. *Dalton,* 298 Mass. 146, 148. *Tamagno* v. *Conley,* 322 Mass. 218, 219. Neither may negligence on the part of the taxi cab operator be inferred from the mere fact that the plaintiff was thrown forward when the taxi cab was brought to a stop. There is no evidence of the physical facts surrounding the stopping of the taxi cab or the effect thereof upon the other passengers in the car. "There is nothing in the evidence to show that the stop was not made because of the condition or the movements of vehicular or pedestrian traffic suddenly appearing in the street ahead of the taxicab. A stopping for such a cause (which is not here negatived by the evidence) would not be evidence of negligence of the operator." *Conley* v. *Town Taxi Inc.,* 298 Mass. 130, 132. *McKnight* v. *Red Cab Co.,* 319 Mass. 64, 65. *Cuddyer* v. *Boston Elevated Rail-*

*way Co.*, 314 Mass. 680, 682, 685. cf. *McNally v. Union Street Railway Co.*, 336 Mass. 760.

The application of the rule laid down in the *Conley* case, placing the burden on the plaintiff to prove that there was no traffic emergency requiring the operator to stop the cab as he did, is not unreasonable here where the plaintiff testified that she "observed traffic in front of the cab".

**Finding for the plaintiff vacated. Finding and judgment to be entered for defendant.**

PHILIP T. CORWIN

 for the Defendant

DWIGHT L. ALLISON AND

BENJAMIN F. FORDE, JR.

 for the Plaintiff