JOHN R. DONOVAN *vs.* SALVATORE J. DIPAOLO.

Essex.    March 12, 1976. — September 29, 1976.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Negligence,* Motor vehicle.

Evidence in a tort action was sufficient to warrant a finding that the
defendant's automobile was straddling the center line of a road just
prior to its collision with the plaintiff's automobile and that the
defendant could have seasonably turned to the right hand side of
the road in time to avert the collision. [577-578]

TORT.    Writ in the Superior Court dated July 9, 1971.
The action was tried before *J. P. Sullivan,* J.
*Ignatius R. J. Piscitello* for the plaintiff.
*Clement McCarthy* for the defendant.

GOODMAN, J.    This action of tort arose out of a collision
between an automobile operated by the plaintiff travelling
north on Winthrop Avenue (Route 114) in Lawrence and
an automobile operated by the defendant travelling in the
opposite direction. The road on which the collision hap-
pened is forty-six feet wide; the accident occurred at
1:00 A.M. during a heavy rainfall. Both automobiles were
badly damaged, and the plaintiff was severely injured. The
case was tried to a jury; the defendant's motion for a di-
rected verdict was denied, and the jury, on March 29,
1974, returned a verdict for the plaintiff. The trial judge
reserved leave to enter a verdict for the defendant pur-
suant to G. L. c. 231, § 120 (repealed by St. 1973, c. 1114,
§ 203, effective July 1, 1974). On April 1, 1974, the de-
fendant filed a motion for entry of a verdict in his favor
under leave reserved, and on January 13, 1975, the Su-
perior Court, treating it as a motion for entry of judgment
notwithstanding the verdict, pursuant to Mass.R.Civ.P.
50(b), 365 Mass. 814-815 (1974) (see Mass.R.Civ.P. 1A,

§ 3, 365 Mass. 731 [1974]), allowed it. Judgment was accordingly entered for the defendant, and the plaintiff appealed.[1]

We need concern ourselves only with the plaintiff's contention that there was sufficient evidence to warrant a verdict for him and that, therefore, the motion for judgment notwithstanding the verdict should not have been allowed. The evidence is indeed slight, but we believe that the jury could rationally have taken a view of the evidence as a whole which permitted the verdict. The jury could have found — if it chose to believe the plaintiff, as it apparently did — that he was driving on his right hand side of the road, that as the defendant's automobile came toward the plaintiff it was straddling the center of the road and was thus partly on the plaintiff's side of the road, and that the plaintiff tried to avoid the defendant's automobile.

The defendant's version, corroborated by two eyewitnesses, was quite different. From their testimony it would appear that the defendant was travelling at about twenty to twenty-five miles per hour, saw the plaintiff pass a hearse (in which the eyewitnesses were riding), and that — as one of the eyewitnesses testified — about one hundred feet in front of the hearse the plaintiff "tried to cut back in, because he saw the defendant's car on the left"; the plaintiff's vehicle went out of control and struck the defendant's vehicle which by that time had come to a stop on the defendant's right side.

The defendant argues that the plaintiff's testimony goes no further than to place "the defendant's vehicle . . . on the plaintiff's side of the road when the accident happened" and is therefore insufficient to sustain the verdict, citing *Luvera* v. *DeCaro,* 317 Mass. 222, 223-224 (1944). We need not attempt to analyze the plaintiff's testimony

---

[1] Also on April 1, 1974, the defendant filed a motion for a new trial which the trial judge, also on January 13, 1975, pursuant to Mass.R. Civ.P. 50(c), 365 Mass. 815 (1974), granted conditionally in the event that the judgment should be reversed on appeal. This conditional grant is not at issue in this appeal.

in isolation, for the jury were not required to do so. Although the jury obviously did not accept the defendant's version of the collision in its entirety they were not thereby precluded from accepting such parts as might flesh out the meager testimony of the plaintiff (whose memory the jury could have found from the medical evidence to have been impaired by the accident) — provided that the jury did not thereby distort an integral part of the defendant's version. *Mallard* v. *Waldman,* 340 Mass. 288, 291-292 (1960). *Calderone* v. *Wright,* 360 Mass. 174, 176 (1971). See *Woods* v. *DeMont,* 322 Mass. 233, 234 (1948).

Thus, the jury might have disbelieved the defendant's account of the manner in which the plaintiff was driving and the behavior of his vehicle and yet have believed that the plaintiff had indeed passed a hearse (as to which the plaintiff's testimony is silent) on this wide (forty-six foot) road and that the plaintiff had been under the defendant's observation from the time he was passing the hearse. Accepting the plaintiff's testimony that the defendant was straddling the center line just prior to the collision, the jury could have found that the defendant, who testified that he was travelling at twenty to twenty-five miles per hour, could have seasonably turned to the right hand side of the road (see G. L. c. 89, § 1) in sufficient time to avert the collision. *Hubbard* v. *Conti,* 321 Mass. 743, 744-745 (1947). *Barow* v. *Modoono,* 325 Mass. 522, 525 (1950). See *Perlstein* v. *American Exp. Co.* 177 Mass. 530, 531 (1901); *Podwapinska* v. *Teixeira,* 277 Mass. 366 (1931); *Kerr* v. *Deveau,* 311 Mass. 210, 213 (1942); *Calderone* v. *Wright,* 360 Mass. at 175-176. Contrast *Luvera* v. *DeCaro,* 317 Mass. at 224 ("There is nothing in the record ... to show that the defendant saw the plaintiff, or in the exercise of due care could have seen him, in time to avert the collision"); *Woods* v. *DeMont,* 322 Mass. at 234-235.

Accordingly, the judgment is reversed; the case is to stand for trial in accordance with the grant of a new trial heretofore ordered by the Superior Court. See fn. 1.

*So ordered.*