Rescript Opinions.

LINDA HURD *vs.* MICHAEL DEL SIGNORE. March 1, 1977. It was error to direct a verdict for the defendant in this action of tort arising out of a collision between the automobile in which the plaintiff was a passenger and the automobile driven by the defendant travelling in the opposite direction. There was testimony by the plaintiff, the defendant, and a police officer who was called to the scene of the accident and who interviewed the defendant and the driver of the automobile in which the plaintiff had been a passenger (the plaintiff's driver). Portions of the testimony by each witness, which the jury could have chosen to believe, disregarding other portions (*Calderone v. Wright,* 360 Mass. 174, 176 [1971]; *Donovan v. DiPaolo,* 4 Mass. App. Ct. 576, 577-578 [1976], and cases cited), would have permitted the jury to form a coherent picture of the collision from which they could have found that the defendant was negligent. The police officer testified that the road was "slippery, ic[y], narrow [about fifteen feet] with hard snow on the side." The jury could have found that the defendant was travelling downhill and saw the other automobile about one hundred yards ahead of him, and that the plaintiff's driver "pulled to the right as far as he could." The collision caused both automobiles to be "totalled." Under the road conditions which the jury could have found to exist it was for them to determine (1) whether the defendant's speed, as indicated by his testimony (ten to fifteen miles an hour), or as indicated by the extent of the damage caused by the collision, was excessive (G. L. c. 90, § 17; see *Hennessey v. Moynihan,* 272 Mass. 165, 167-168 [1930]; *McKeague v. Henry Jenkins Transp. Co. Inc.* 323 Mass. 404, 405-406 [1948]; *Costello v. Hansen,* 327 Mass. 264 [1951]; *Interstate Busses Corp. v. McKenna,* 329 Mass. 1, 3 [1952]), (2) whether the defendant was travelling to the left of the middle of the road in violation of G. L. c. 89, § 1 (see *Calderone v. Wright, supra,* and *Donovan v. DiPaolo, supra*), or (3) whether the testimony that the brakes locked, coupled with the defendant's testimony that "I slowed down as fast as I could," indicated insufficient caution in applying the brakes (see *Arnold v. Brereton,* 261 Mass. 238, 241-242 [1927]; *Hennessey v. Moynihan,* 272 Mass. 165, 167 [1930]; contrast *Goyette v. Amor,* 294 Mass. 355, 357 [1936] [no evidence that the brakes were applied suddenly]), or (4) whether there was a combination of one or more of (1) through (3). The cases cited by the defendant holding that unexplained skidding is not evidence of negligence are inapposite. Neither the plaintiff nor the defendant testified to skidding, and the jury could have discounted the police officer's testimony that the plaintiff's driver told him that the defendant had skidded. Moreover, even if the jury had accepted the testimony concerning skidding they could have found that it was "caused or accompanied by negligence." *Costello v. Hansen,* 327 Mass. at 265. See *Wrenn v. Domar, ante,* 777 (1977).

*Judgment reversed.*

The case was submitted on briefs.
*Frederick G. Talabach* for the plaintiff.
*Leo Concannon* for the defendant.