Brennan, J.
This matter arises out of an action of tort in which the plaintiff seeks to recover for personal injuries resulting from an automobile accident involving one of the defendant’s trucks. The case was tried before Judge William W. Teahan Jr. on January 8,1990. Before final arguments plaintiff submitted a Request for Rulings of Law. The Comí: ruled on the Requests and on March 2,1990, judgment entered for the defendant
The plaintiff claims to be aggrieved by the Court’s rulings on Requests numbered Four (4) and Twelve (12) of her Requests for Rulings submitted at trial.
Plaintiff’s request number four (4) states:
The defendant was operating at a speed that was excessive under the circumstances and this fact caused or contributed to the causing of the accident, thus defendant was negligent. Massachusetts General Laws Chapter 90, section 17; see Hurd v. Del Signore, 5 Mass. App. Ct. 786 (1977).
The Coin! made written Findings of Fact and also made rulings on the Plaintiff’s Request for Rulings of Law. In response to plaintiffs Request for Rulings of Law number Four (4) the court wrote.
See Findings of Fact
In his Findings of Fact, entered March 2,1990, Judge Teahan specifically found that:
At the time of the impact the defendant’s truck was travelling at a speed appropriate under the circumstances and turned left away from the plaintiffs car just before impact
Plaintiffs request number Four (4) merely asks that the trial judge find that the defendant was operating at an excessive rate of speed. The plaintiffs objection to the Court’s ruling on Request number Four (4) is simply a disagreement with the Court’s Findings of Fact rather than with the Court’s ruling on an issue of law.
Plaintiffs Request number Twelve (12) states:
The plaintiffs negligence if any, does not exceed the negligence imputed *120 to the defendant, thus the plaintiff is entitled to recover her proportionate share of damages. Massachusetts General Laws Chapter 231, Section 85.
In response to plaintiffs Request for Ruling of Law number Twelve (12) the Court wrote:
See Findings of Fact.
In his Findings of Fact Judge Teahan specifically found that
The plaintiff dining this emergency was stopped on Alden Street at the light. She saw officer Robbins. The light she was facing was red, although the traffic pattern observed was clearly contrary to the traffic light... All other intersecting streets were directed by him manually to stay stopped, including Alden Street ... At the time plaintiff’s car began to move into Hancock Street it had not been directed to do so by Officer Robbins.... The plaintiff looked to her left before entering the intersection and failed to see the defendant’s truck until she could not avoid hitting it. At the time of the impact the defendant’s truck was travelling at a speed appropriate under the circumstances.
Plaintiff’s Request number Twelve (12) refers to Massachusetts General Laws Chapter 231, §85, which concerns comparative negligence and the limited effect of contributory negligence on a defense. The issue raised in Request number Twelve (12) is a disagreement with the Court’s Findings of Fact and not an issue of law. Clearly, apportionment of negligence under M.G.L Chapter 231, §85 is a question of fact, not law. Case law holds that negligence on the part of either motorist is a question of fact and not an issue of law.
Appellate review is ordinarily limited to questions of law. The right to request a report from a judge of District Court to the Appellate Division is given only to a “party ... aggrieved by any ruling on a matter of law,” and a judge may voluntarily report a case to the Appellate Division when “...there is an agreed statement of facts... or any other case involving questions of law only.” Massachusetts General Laws, Chapter 231, §108. Further, the Appellate Division has held that it cannot review questions of fact found by the trial judge where such findings are supported “on any reasonable view of the evidence, including all rational inferences of which it was susceptible.” T.L. Edwards Inc. v. Fields, 371 Mass. 895 (1976); citing Bowers v. Hathaway, 337 Mass. 88 (1958).
The plaintiff seeks to request the Appellate Division to review allegations that the defendant’s speed was excessive at the time of the accident and that the defendant, at the moment of impact, swerved to the right. There is no claim that the plaintiff was aggrieved by an error of law, Crow v. Ward, 363 Mass. 85, and therefore the plaintiff has not presented an issue appropriate for review by the Appellate Division.
The plaintiff’s report is hereby dismissed.