Kantrowitz, J.
(dissenting). When granting summary judgment, the motion judge noted that the mode of operation approach adopted by the Supreme Judicial Court in Sheehan v. Roche Bros. Supermkts, Inc., 448 Mass. 780, 788 (2007) (Sheehan), had thus far been applied routinely to “spillage and breakage” cases, or in cases where a plaintiff was injured by a product or an item that was available for customers to pick up and carry around the store. The river stone in this case was not a product for sale, or an item intended for customers to pick up and carry, but rather part of the exterior design of the defendant’s store. The majority’s application of the mode of operation approach to these facts is an unnecessary expansion of that approach, needlessly broadening the field. Perhaps of equal significance, regardless of the approach used, summary judgment was appropriate.
*370 In Sheehan, the Supreme Judicial Court cited several cases that illustrated the context of, and support for, the court’s decision. Here, the majority decision stands in stark contrast to the cases cited by the Supreme Judicial Court. Notably, the cases cited in Sheehan supporting the mode of operation approach involved business establishments that invited customers to pick up and carry products in or around the store, with a plaintiff injured by a product that was capable of being handled and conceivably purchased. See Tom v. S.S. Kresge Co., 130 Ariz. 30, 31 (1981) (customer slipped on clear liquid substance in self-service store that sold primarily dry goods but also soft drinks capable of being carried around store); Chiara v. Fry’s Food Stores of Ariz., Inc., 152 Ariz. 398, 399 (1987) (customer slipped on creme rinse at self-service store); Safeway Stores, Inc. v. Smith, 658 P.2d 255, 256 (Colo. 1983) (customer in self-service grocery store slipped on substance that appeared to be hand lotion); Meek v. Wal-Mart Stores, Inc., 72 Conn. App. 467, 469 (2002) (customer hit by boxed aluminum tables that fell from shelf in self-service retail store); Gump v. Walmart Stores, Inc., 93 Haw. 428, 433 (Ct. App. 1999), aff’d in part and rev’d in part on other grounds, 93 Haw. 417 (2000) (customer slipped on french fry in self-service store that contained restaurant); Jackson v. K-Mart Corp., 251 Kan. 700, 701 (1992) (customer in clothing section of self-service department store, which sold avocado juice at store cafeteria, slipped and fell on green liquid that was apparently avocado juice); Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 428 (1966) (customer in vegetable section of self-service supermarket slipped and fell on string bean); Canfield v. Albertsons, Inc., 841 P.2d 1224, 1225 (Utah Ct. App. 1992) (customer in produce department of self-service store slipped on lettuce leaf); Pimentel v. Roundup Co., 100 Wash. 2d 39, 41 (1983) (customer at self-service department store was hit on foot by can of paint that fell from shelf).
Each of these cases involved a customer or visitor injured by a product for sale, or an item intended to be picked up and carried, within a self-service store. Here, in contrast to the cases cited in Sheehan and Sheehan itself, the object that caused the plaintiff’s injury was not an item for sale that a customer could conceivably purchase from the store or an item that the store invited customers to pick up and carry, within its “self-service mode of operation.” Sheehan, 448 Mass, at 786.
The approach adopted in Sheehan applies if a plaintiff’s injury is attributable to a “reasonably foreseeable dangerous condition *371 on the owner’s premises that is related to the owner’s self-service mode of operation.” Ibid, (emphasis supplied). Until now, no published opinion from this court or the Supreme Judicial Court (or apparently the Superior Court) has held that this approach applies to hazards on a store’s premises resulting from anything other than an item that the store owner conceivably intended for customers to pick up and carry around (hence the phrase “self-service” as it appears in the Sheehan opinion).
Under the majority’s expansive application of this approach, however, almost any potential hazard can be “related to” a defendant’s self-service mode of operation. Ibid. Removal of the limits on the application of the mode of operation approach, which lower courts have followed until this point, will potentially expose self-service businesses in Massachusetts to premises liability not envisioned by the Sheehan court, because everything within such businesses is conceivably related to their mode of operation under the majority’s new application of the approach.
A further problem with the majority’s holding is that even assuming that the mode of operation approach should apply, summary judgment for the defendant was still appropriate, as the motion judge explained. The mode of operation approach only provides plaintiffs with a different (and less burdensome) method for proving the notice element. See id. at 790. A plaintiff must still demonstrate that the defendant acted unreasonably. See ibid. Here, the plaintiff is unable to make such a showing.
The motion judge properly found that the plaintiff had no reasonable expectation of proving at trial that the defendant breached a duty of care, even assuming that the mode of operation approach applied. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). The plaintiff produced no affirmative evidence that a reasonable jury could use to infer that the store was negligent. See Godbout v. Cousens, 396 Mass. 254, 261 (1985) (nonmoving party may not rest upon mere allegations or denials, but must respond with specific facts); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989) (once party moving for summary judgment establishes absence of triable issue, burden shifts to nonmoving party to offer affirmative evidence). See also Mass.R.Civ.R 56(c), as amended, 436 Mass. 1404 (2002). Mere assertions that the defendant’s evidence should not be believed is not affirmative evidence sufficient to withstand summary judgment. See Godbout v. Cousens, supra at 261-262. The bare fact that an accident occurred is not proof of negligence. See, e.g., *372 Tamagno v. Conley, 322 Mass. 218, 219 (1948) (“The mere fact that the accident happened is of course no evidence of the defendant’s negligence”).
At their depositions, the defendant’s employees testified on the store’s practice of inspecting the sidewalk and pushing back any river stones that escaped from the gravel area. In contrast, the plaintiff merely argues that a jury could disbelieve these accounts of the employees’ inspection efforts and find in her favor. Arguing that a fact finder could theoretically disbelieve a witness at trial is not affirmative evidence. See Boston v. Santosuosso, 307 Mass. 302, 349 (1940) (“[A]s has been pointed out many times, disbelief of evidence is not the equivalent of affirmative evidence to the contrary”).[1]
The plaintiff has provided no affirmative evidence, for example, that store employees failed to inspect the sidewalk on the day of her accident, or that the employees who were supposed to inspect the sidewalk as part of their duties neglected to take proper care and unreasonably allowed a hazardous condition to exist on the sidewalk. She provided no evidence that demonstrated that the river stone on which she fell had been on the sidewalk for an unreasonable amount of time. The mere fact that she fell on a river stone is not evidence of the store’s alleged negligence. See Tamagno v. Conley, supra.
In contrast, the defendant’s evidence showed that reasonable efforts were made to inspect the sidewalk, including a general practice of inspecting the outside area for safety. The defendant also showed that employee Bowman, who was working on the day of the accident, usually checked the sidewalk for river stones every fifteen minutes. If there were evidence that these employees neglected their duties that day, the plaintiff needed to place such evidence before the motion judge.
As the plaintiff produced no such evidence, the judge properly found that there were no genuine issues for trial because the plaintiff could not prove that the store acted improperly. See Flesner v. Technical Communications Corp., 410 Mass, at 809. *373 Viewing the evidence in the light most favorable to the plaintiff, the defendant was entitled to judgment as a matter of law, even assuming that the mode of operation approach applied. See Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
Because the majority’s decision expands the application of the mode of operation approach, and because summary judgment was properly granted in any event, I respectfully dissent.

Indeed, juries are routinely instructed: “If you do not believe a witness’s testimony that something happened, of course your disbelief is not evidence that it did not happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.” Massachusetts Superior Court Civil Practice Jury Instructions § 1.2.8 (Mass. Cont. Legal Educ. 3d ed. 2014). See Criminal Model Jury Instructions for Use in the District Court, Instruction 2.260 (Mass. Cont. Legal Educ. 2009) (same).