CORA MURPHY *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

Bristol. October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way. *Proximate Cause.*

At the hearing in a district court of an action of tort for personal injuries, it appeared that the plaintiff was riding in a motor coach of the defendant when it was stopped suddenly to avoid a collision with a vehicle which had swerved in front of it and that another motor coach of the defendant then collided with it from the rear and the plaintiff was injured, and that the driver of the rear motor coach had observed that his brakes were not gripping as they should. The plaintiff testified that the collision "knocked her from her seat and jerked her head forward and backward." The judge ruled as matter of law that the evidence was insufficient to warrant a finding that the operator of the forward coach was negligent in the operation of the coach or in bringing it to a sudden stop, and that there was no evidence of negligence by the defendant in the maintenance or equipment of the coaches; and found that the operator of the rear coach was guilty of negligence in that he failed to exercise ordinary care in all the circumstances by operating his coach at such a speed and at such a distance from the coach immediately in front that he was unable to stop and thus avoid a collision when he knew or ought to have anticipated that the coach directly in front had stopped or might stop, and that such negligence was the proximate cause of the injury to the plaintiff. *Held,* that

(1) The findings were warranted by the evidence;

(2) The testimony of the plaintiff did not compel an inference that the cause of her injury was the sudden stopping of the coach in which she was riding rather than the collision with the coach following;

(3) There was no error in denying requests by the defendant for rulings, in substance, that the proximate cause of the plaintiff's injury was the sudden stopping of the coach in which she was riding and not the contact between the two coaches.

TORT for personal injuries. Writ in the Second District Court of Bristol dated September 18, 1929.

Evidence at the trial in the District Court and findings and rulings by the trial judge are described in the opinion. The judge found for the plaintiff in the sum of $3,663 and · reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

*E. J. Phillips* of Rhode Island, for the defendant.

*H. W. Radovsky,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant at Providence, in the State of Rhode Island, while being transported in a coach owned by the defendant and operated by its agent. The trial judge ruled as matter of law that the evidence was insufficient to warrant a finding that the operator of the coach in which the plaintiff was riding was negligent in the operation of the coach or in bringing it to a sudden stop, and also ruled that there was no evidence of negligence by the defendant in the maintenance or equipment of the coaches.

There was evidence tending to show that the coach in which the plaintiff was riding was brought to a sudden stop in order to avoid a collision with a motor vehicle which swerved in front of the coach, and that a coach owned by the defendant and operated by its agent directly behind the one in which the plaintiff was riding came in collision with the rear of the coach in which the plaintiff was riding. The trial judge found that the operator of the coach which came in contact with the coach in which the plaintiff was riding was guilty of negligence in that he failed to exercise ordinary care in all the circumstances by operating his coach at such a speed and at such a distance from the coach immediately in front that he was unable to stop and thus avoid a collision when he knew or ought to have anticipated that the coach directly in front had stopped or might stop, and that such negligence was the proximate cause of the injury to the plaintiff. Without narrating the evidence in detail, it is sufficient to say that in our opinion this finding of fact was warranted

by the evidence. The plaintiff's testimony, to the effect that another coach of the defendant struck in the rear the coach in which she was riding and " knocked her from her seat and jerked her head forward and backward," was not an admission that she was first thrown forward, and does not compel an inference that the cause of her injury was the sudden stopping of the coach in which she was riding rather than the collision with the coach following.

There was no error of law in denying the defendant's requests, in substance, that the proximate cause of the plaintiff's injury was the sudden stopping of the coach in which she was riding and not the contact between the two coaches. It might also have been found that the driver of the coach behind the one in which the plaintiff was riding was negligent in the light of the fact that he had observed that his brakes were not gripping as they should, his distance from the preceding car and the speed at which he was travelling. In view of all the evidence the result of the case depends upon facts found, and it does not appear that there was any erroneous ruling of law.

*Order dismissing report affirmed.*