JOSEPH P. MORAN *vs.* PLYMOUTH RUBBER COMPANY MUTUAL BENEFIT ASSOCIATION.

Norfolk.    November 8, 1940. — November 26, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Lunch wagon, Contributory, Of charitable corporation. *Corporation,* Charitable. *Actionable Tort.*

Evidence of the circumstances in which an employee of the defendant pushing a steel lunch cart along a runway in a factory struck the plaintiff from behind warranted a finding that the employee was negligent and did not require a finding that the plaintiff was guilty of contributory negligence.

The mere fact that a mutual benefit association was incorporated under R. L. c. 125 did not exempt it from liability for a tort of an employee, especially where there was no evidence that the tort was committed by the employee while engaged in any charitable activity.

TORT. Writ in the Superior Court dated April 20, 1938.

Before *Dowd,* J., the jury found for the plaintiff in the sum of $2,150.

*Lee M. Friedman & F. L. Kozol,* for the defendant, submitted a brief.

*R. Marks,* for the plaintiff.

QUA, J. The occurrence out of which this action for personal injury arises is very concisely narrated in the bill of exceptions. The plaintiff, according to his testimony, was pushing a two wheel empty "hand truck" "along a runway." About fifteen feet behind him the plaintiff saw an employee of the defendant pushing "a steel lunch wagon weighing about five hundred pounds," food from which was sold by the defendant to its members who worked at the "rubber plant"[1] where the plaintiff worked. The plaintiff was stopped for about three seconds "at the door of the building" by a fellow employee crossing his path, when the lunch wagon behind him, pushed by the defendant's employee, hit the back of the plaintiff's right leg and broke a bone. "It all happened within two seconds." The only question raised is whether there was evidence to go to the jury.

Despite the lack of precise detail in the record we think that there was enough to support a finding that the plaintiff's injury was caused by negligence of the defendant's employee, and that it could not properly be ruled as matter of law that the plaintiff was contributorily negligent. Although there is no description of the "steel lunch wagon" we think it a reasonable inference that such a vehicle used to carry food for sale to workers at a "plant" and being pushed by a man was of such size, shape and construction that it could be handled with reasonable facility and could be turned or stopped to meet such conditions as would be likely to arise where workmen were about. The jury could infer that if the plaintiff was conscious of the presence of the defendant's employee fifteen feet behind the plaintiff, that employee could have seen the plaintiff fifteen feet ahead of him and could have stopped the "lunch wagon" instead of pushing it against the plaintiff, or that if he could not do so he should not have been following the plaintiff so closely. *Illinois Central Railroad* v. *Porter*, 207 Fed. 311, 314–315. It is not shown that the plaintiff himself was negligent in stopping when a fellow employee crossed his path.

---

[1] The plant of the Plymouth Rubber Company, Inc. — REPORTER.

The analogy between a case like the present and a rear-end collision of two automobiles on the public highway is not a particularly close one, but in so far as it has force this case would seem to resemble *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54, *Murphy* v. *New England Transportation Co.* 273 Mass. 275, and *Jennings* v. *Bragdon,* 289 Mass. 595, 597–598, rather than *Buda* v. *Foley,* 302 Mass. 411, and other cases cited by the defendant. Compare *Rogers* v. *Dalton,* 298 Mass. 146.

There was no evidence that the defendant was exempt from liability as a charitable corporation, even though it was incorporated under R. L. c. 125 (now G. L. [Ter. Ed.] c. 180). See *McDonald* v. *Massachusetts General Hospital,* 120 Mass. 432; *Thornton* v. *Franklin Square House,* 200 Mass. 465; *Beverly Hospital* v. *Early,* 292 Mass. 201, 202, and cases cited. Chapter 125 permitted incorporation for many purposes which were not charitable at all. See the title of the chapter and § 2. *Chapin* v. *Holyoke Young Men's Christian Association,* 165 Mass. 280. Moreover it does not appear that the defendant's employee at the time of the accident was engaged in any charitable activity. So far as appears his work had to do with the seemingly commercial activity of selling food. See *McKay* v. *Morgan Memorial Cooperative Industries & Stores, Inc.* 272 Mass. 121, 124; *Reavey* v. *Guild of St. Agnes,* 284 Mass. 300, 301–302.

*Exceptions overruled.*