JAMES CUNNINGHAM *vs.* BOSTON AND MAINE RAILROAD.

Hampden.   April 10, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Employer's liability: railroad yard, assumption of risk; Federal employers' liability act. *Practice, Civil*, Verdict with leave reserved.

It was irregular practice, after the recording of a verdict for the plaintiff subject to leave reserved, to order "judgment" for the defendant "under leave reserved" on his "motion for directed verdict" which had been filed and denied during the trial.

Evidence warranted a finding that workmen, pushing a hand truck along a freight platform where there was room to pass a fellow workman standing at its extreme edge, were negligent in running into such workman.

An employee having no reason to anticipate certain negligent conduct of fellow employees causing him injury did not assume the risk of the injury under the Federal employers' liability act.

TORT. Writ in the Superior Court dated January 22, 1938.

At the trial before *Baker*, J., a verdict for the plaintiff in the sum of $7,500 was recorded.

*J. P. Dowling*, for the plaintiff.

*R. W. Hall*, for the defendant.

QUA, J.    This is an action under the Federal employers'
liability act, U. S. C. (1934 ed.) Title 45, §§ 51–59, as
amended.

Upon the return of a verdict for the plaintiff the judge
reserved leave under G. L. (Ter. Ed.) c. 231, § 120, to
enter a verdict for the defendant.    Thereafter the defend-
ant moved that judgment be entered "under leave re-
served" on the defendant's "Motion for Directed Verdict,"
apparently referring to a motion for a directed verdict in
its favor which the defendant had filed during the trial, but
which the judge had then denied.    The judge allowed the
motion for judgment.    The plaintiff excepted.

This practice was irregular.    Not only had the defend-
ant's motion for a directed verdict already been acted upon
and the trial fully completed, but G. L. (Ter. Ed.) c. 231,
§ 120, does not refer to the entry of judgment.    It refers
to the entry of a "verdict."    It authorizes the judge upon
leave reserved with the assent of the jury "to enter the
verdict or finding" that, as matter of law, ought to have
been entered.    *Goetze* v. *Dominick*, 246 Mass. 310.    *Kar-
lowski* v. *Kissock*, 275 Mass. 180, 182.    *Thurlow* v. *Welch*,
305 Mass. 220, 223.    We do not discuss possible construc-
tions or consequences of the procedure adopted (see *Perry*
v. *Loew's Boston Theatres Co.* 291 Mass. 332, 333; *Potter*
v. *Dunphy*, 297 Mass. 345; *Mucha* v. *Northeastern Crushed
Stone Co. Inc.* 307 Mass. 592) since we think that in any
event the verdict of the jury was warranted by evidence
and ought to have been allowed to stand, unless set aside
on motion for new trial.

It is conceded that the plaintiff was engaged in inter-
state commerce, and it is not contended that he did not
come under the protection of the Federal act, if he made
out a case under that act.    The only questions are whether
there was evidence for the jury that negligence of the de-
fendant's employees contributed to cause injury to the
plaintiff and whether the plaintiff assumed the risk.

The defendant calls our attention to the rule that in
cases under the Federal employers' liability act the "kind
or amount of evidence required to establish negligence is

not subject to the control of the several states," but is to be determined by the applicable principles of the common law as interpreted in the Federal courts. *Chicago, Milwaukee & St. Paul Railway* v. *Coogan*, 271 U. S. 472, 474. *Gulf, Mobile & Northern Railroad* v. *Wells*, 275 U. S. 455, 457. *Chicago Great Western Railroad* v. *Rambo*, 298 U. S. 99, 101. And we assume that the rule has not been affected by the decision in *Erie Railroad* v. *Tompkins*, 304 U. S. 64. This rule is discussed in *Shipp* v. *Boston & Maine Railroad*, 283 Mass. 266, 270. We do not enlarge upon it here, since we are satisfied that as applied to this case it leads to no different result than would be reached under the familiar principles prevailing in this jurisdiction.

There was evidence of these facts: The plaintiff had been employed by the defendant for about fifteen years as a trucker at the defendant's freight house in Holyoke. There was a platform, parallel with the tracks, eight and one half to nine feet wide, between the freight house and the nearest track. There was a small space between the edge of the platform and cars on this track. On January 25, 1937, the plaintiff was carrying barrels of meat from the freight house to a car on this track by means of a hand truck with two small wheels. As the plaintiff came out of the car with his truck and started "up" the platform, going north, three fellow employees were pushing another two wheeled truck "with a box on it" down the platform in a southerly direction on the side next the freight house. One of the men held the handles of the truck. "The box stuck out over the sides of their truck." When the plaintiff first saw them they were about eighty feet from the car out of which the plaintiff had come. They "picked up speed" and kept coming towards the plaintiff. He stepped back to the edge of the platform with his truck, "wheeled around" so that his back was next to the "pit," and gave them "all the room he could to pass." There was room enough, if they kept near the freight house wall on their right, but instead "they pushed their truck right into the plaintiff." They "crowded right in." The box on their truck struck the plaintiff and his truck while he was standing at the edge of

the platform and "knocked him" so that he and his truck went down between the platform and a freight car, and he sustained the injuries complained of.

There is in the record no contradiction of this testimony. The record states that "The defendant offered no explanation as to how the accident happened." Apparently the plaintiff was the only witness who testified as to the occurrence of the accident. Seemingly the defendant contented itself with trying to break down the plaintiff's credibility in various ways proper enough for the consideration of the jury, but not decisive here. Nothing was developed necessarily inconsistent with the plaintiff's story of the accident. There is nothing inherently impossible about that story. An accident could have occurred in the manner described. We cannot say as a matter of law that a jury could not reasonably believe the plaintiff. If they did believe him they could reasonably find that the conduct of his three fellow employees in running him down was wanting in due care. *Moran* v. *Plymouth Rubber Co. Mutual Benefit Association*, 307 Mass. 444. *Illinois Central Railroad* v. *Porter*, 207 Fed. 311, 314–315.

It is true that the evidence does not disclose the height of the box on the truck which was being handled by the three employees. But the jury were not obliged for this reason to assume a box of extraordinary dimensions. They could reconstruct the scene of the accident in the manner which in the light of common knowledge the evidence would naturally suggest to their minds. There were three men to look over or around the box, only one of whom held the truck handles. And if none of the three men could see over or around the box the jury might have thought it negligent for them to push ahead in the manner described down the platform where another man might be coming out of a car.

The plaintiff, so far as appears, had no reason to anticipate that fellow employees would negligently run a truck against him in the manner narrated, and therefore, under the Federal act, did not assume that risk. *Chesapeake & Ohio Railway* v. *De Atley*, 241 U. S. 310, 313, 314. *Howard*

v. *New York, New Haven & Hartford Railroad,* 236 Mass. 370, 374.  *Hanley* v. *Boston & Maine Railroad,* 286 Mass. 390, 397, 398.  *Hietala* v. *Boston & Albany Railroad,* 295 Mass. 186, 192, 194 (certiorari denied, *Boston & Albany Railroad* v. *Hietala,* 299 U. S. 589), and cases cited.  See now Act of August 11, 1939, 53 U. S. Sts. at Large, 1404.

The plaintiff's exception is sustained.  The order allowing the defendant's motion for judgment is set aside, and the verdict of the jury is to stand, subject to any motion for new trial seasonably filed.

*So ordered.*