GAETANO MESSINA vs. TRUSTEES OF THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Worcester. September 28, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Negligence,* Employer's liability: shoveling, assumption of risk, fellow servant, Federal employers' liability act.

Evidence, that one of a group of workmen employed in digging in a railroad yard, although he was in a position to hear an order of the foreman for them to leave the place where they were working, continued shoveling and threw out a shovelful of gravel containing a large stone which struck another of the workmen as he passed near by in obeying his foreman's order, warranted a finding of negligence of the shoveler and of the railroad corporation toward the injured employee within the Federal employers' liability act.

An employee having no reason to anticipate certain negligent conduct of a fellow employee causing him injury in 1938 did not assume the risk of the injury under the Federal employers' liability act.

TORT. Writ in the Superior Court dated January 16, 1940.

The case was heard without a jury by *O'Connell,* J., who found for the plaintiff. The defendants alleged exceptions. In this court the case was submitted on briefs.

*N. W. Deering,* for the defendants.

*J. Y. Young,* for the plaintiff.

QUA, J. The plaintiff has a finding in his favor under the Federal employers' liability act. The accident occurred on May 10, 1938, and the case is governed by U. S. C. (1934 ed.) Title 45, §§ 51–59, before the amendment of § 54 by the act of August 11, 1939, 53 U. S. Sts. at Large, 1404. The questions now at issue are whether the evidence would warrant a finding that the defendants' negligence caused the injury to the plaintiff and whether the plaintiff assumed the risk.

The plaintiff was one of a gang of men employed in digging out old ties and putting in new ones in a classification yard of the railroad in Worcester. Most of the evidence

came from the plaintiff himself in imperfect English and is not altogether easy to understand. The substance of it, taken in its aspect most favorable to the plaintiff, seems to be this: A heavy shower came up, and the plaintiff's foreman told the men to go to a shed some distance from where they were working. The plaintiff and others started. One of the men, who had been working about six feet behind the plaintiff with his back to the plaintiff and on the same track on which the plaintiff had been working, did not stop work but continued to shovel. The plaintiff had to pass him to get to the shed. The plaintiff walked between the track he had been working on and the adjoining track. Five or six other workmen were walking in front of the plaintiff. When the plaintiff had gone seven or eight feet from where he had been working, and when he was passing two to four feet from the man who had kept on shoveling, this man threw out a shovelful of gravel which contained a stone weighing twenty to twenty-five pounds. The plaintiff was unable to avoid the stone and it struck him on the back and leg and injured him. Although the plaintiff testified that the man who threw out the stone did not belong to "his gang," there was other evidence from a "general foreman" from which it could have been found that the direction to go to the shed applied to all the men working in the vicinity, and it could have been found that the man who threw out the stone was in a position to hear it.

There was evidence that the defendants' employee who threw out the stone was negligent in throwing it out, especially after the other men had stopped working and would be likely to pass close by on their way to the shed, and that this negligence caused injury to the plaintiff. See *Corrigan* v. *Union Sugar Refinery*, 98 Mass. 577; *Moran* v. *Plymouth Rubber Co. Mutual Benefit Association*, 307 Mass. 444; *Cunningham* v. *Boston & Maine Railroad*, 309 Mass. 215, 217–218. As to the standard of care under the Federal act see *Chicago, Milwaukee & St. Paul Railway* v. *Coogan*, 271 U. S. 472, 474; *Bailey* v. *Central Vermont Railway*, 319 U. S. 350; *Shipp* v. *Boston & Maine Railroad*, 283 Mass. 266, 270.

Under the Federal act, even before the 1939 amendment, there was no general rule that the employee assumed the risk of the negligence of a fellow servant, which by § 51 was in itself made the very ground of liability. *Hanley* v. *Boston & Maine Railroad*, 286 Mass. 390, 397–398. *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, 188, 192, certiorari denied, *Boston & Albany Railroad* v. *Hietala*, 299 U. S. 589. The act "placed a co-employee's negligence, where it is the ground of the action, in the same relation as the employer's own negligence would stand to the question whether a plaintiff is to be deemed to have assumed the risk." *Chesapeake & Ohio Railway* v. *De Atley*, 241 U. S. 310, 313–314. "In actions under the Federal Act the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury." *Reed* v. *Director General of Railroads*, 258 U. S. 92, 95. *Owens* v. *Union Pacific Railroad*, 319 U. S. 715. It cannot be ruled as a matter of law that the plaintiff ought to have foreseen or expected that, while the men were leaving their work, his fellow employee would hit him with a stone. *Cunningham* v. *Boston & Maine Railroad*, 309 Mass. 215, 218–219, certiorari denied, *Boston & Maine Railroad* v. *Cunningham*, 314 U. S. 682.

*Exceptions overruled.*