EDYTHE V. DURDLE, administratrix, vs. JULIUS BARON & others.

Suffolk.    February 6, 1952. — March 3, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Hand truck.    *Death*.    *Damages*, For death, For tort.

Evidence warranted a finding of negligence on the part of one pushing on a sidewalk a hand truck which was loaded so high with clothing that he could not see ahead and which struck and injured a pedestrian.

There was no error in the denial of a motion for a directed verdict for the defendant in an action for death under G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, where there was sufficient evidence in favor of the plaintiff on issues other than damages and the jury were therefore warranted in finding for the plaintiff for at least the $2,000 minimum specified in the statute.

Evidence in an action under G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, for the death of a retired widower sixty-eight years of age, who had income from a retirement allowance, social security, and part time work and who was survived by three adult daughters and children of a deceased daughter, warranted a finding of damages in an amount greater than the $2,000 minimum specified in the statute.

TORT.    Writ in the Superior Court dated July 1, 1948.

The action was tried before *Hudson*, J.

*D. H. Fulton*, for the defendants.

*M. L. Rubin*, for the plaintiff.

RONAN, J.    These are exceptions to the refusal of a request to rule that the evidence would not warrant a verdict in excess of $2,000, the minimum damages under the death statute then in effect, and to the denial of a motion to direct a verdict for the defendants in an action to recover damages for the death and conscious suffering of the plaintiff's intestate which were alleged to have resulted from an accident which happened on April 16, 1947.

There was evidence that the defendants' employee was

pushing a four wheel truck, which was about thirty inches wide and six feet long and had "iron bars all around," from an elevator onto the sidewalk. The truck was loaded so high with clothing that the employee who was pushing it could not see ahead. 'The intestate who was walking along the sidewalk saw the truck which suddenly turned to its right as he started to pass it. He was unable to get out of the way in time. The truck struck him, knocking him down and inflicting various injuries. The employee did' not see the intestate at any time until after the accident. The jury could find that the accident resulted from the negligence of the employee and that the intestate was not guilty of contributory negligence. *Moran* v. *Plymouth Rubber Co. Mutual Benefit Association,* 307 Mass. 444. *Cunningham* v. *Boston & Maine Railroad,* 309 Mass. 215. He died on the afternoon of July 5, 1947, while on his way home. The medical testimony was sufficient, if accepted, as in fact it was, by the jury, to prove that there was a causal connection between the accident and the death. *Kelleher* v. *Newburyport,* 227 Mass. 462. *Edwards* v. *Warwick,* 317 Mass. 573.

It has not been and could not be contended that the evidence established as matter of law any contributory negligence upon the part of the decedent. It therefore follows that the evidence was sufficient to warrant the jury in finding that the plaintiff had proved the liability of the defendants, and the jury were required to return a verdict for the plaintiff for at least $2,000 and not more than $15,000 in accordance with the amount of the pecuniary loss in excess of $2,000 shown to have been sustained by the statutory beneficiaries by reason of the death of the decedent. G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A.[1]

---

[1] This section so far as material reads as follows: ". . . if any person . . . causes the death of a person in the exercise of due care who is not in his . . . employment or service, he . . . shall be liable in damages, in an amount not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference to the pecuniary loss sustained by the parties entitled to benefit hereunder and recovered by the executor or administrator of the deceased person in an action of tort . . . ." See now G. L. (Ter. Ed.) c. 229, § 2C, inserted by St. 1949, c. 427, § 3, restoring the degree of culpability of a defendant as the measure of damages.

*Beatty* v. *Fox, ante,* 216. Consequently, there was no error in the denial of the motion to direct a verdict for the defendants.

The defendants next contend that the damages under count 1 for the death must be limited to $2,000. They requested the judge to rule that "If this case is to be submitted to the jury under count 1 of the declaration, there is no evidence which would warrant the jury in finding damages exceeding the minimum provided by St. 1947, c. 506, § 1A." The judge denied the request. The jury returned a verdict of $4,700 on this count. It could not be known what verdict the jury might return when the ruling was made. The correctness of the ruling must be determined as of the time it was made. For instance, there was no error if at that time the evidence was sufficient to show that the persons for whose benefit the action was brought had sustained a pecuniary loss amounting to $2,001 because of the death of the decedent. Our inquiry is to determine whether there was evidence showing a loss for any amount in excess of $2,000.

The intestate, who was sixty-eight years of age at the time of his death, had retired in 1945 "through having reached the age limit of 65." He was then in good health. He then gave up his own orchestra, but he intended to conduct again after the first anniversary of the death of his wife which occurred on October 16, 1946. He worked nights in the post office from 1945 to April, 1947. From that last mentioned date to his death he had a part time job as a custodian at a church. His duties there did not require any great physical exertion. His income from his retirement allowance, his job at the church, and social security amounted to about $290 a month. He had lived alone since the death of his wife and managed and cared for his home up to the time of the accident. He was survived by three adult daughters and by three children of a deceased daughter. He was friendly with and kind to these daughters. He frequently gave sums usually varying from $5 to $25. These gifts were at times in cash and at times by checks some of

Durdle *v.* Baron.

which were produced at the trial. According to the testimony of one of the daughters, she might receive $20 one week, next week it might only be $10, then he might skip a week and pay $20. "When he thought that I needed help, then he would help me out."

He never made any complaints about his health prior to the accident. Since his retirement he seems to have been always employed, first at night at the post office and then for a few hours each week day at the church. He had gone along in a somewhat routine fashion until his accustomed mode of living was interrupted by the accident. He was able again to take up his duties at the church and he continued to perform them almost up to the hour of his death. An autopsy, however, disclosed that many of the vital organs had been greatly impaired and damaged by the ravages of time so "that he was a poor risk for anything happening to him."

The jury could consider his age, occupation, the amount and the source of his income and whether it was permanent during his lifetime, his habits of thrift, industry, and economy independent of unemployment or other contingencies, the contributions made to his daughters, the likelihood of the continuance of these donations, in general the probable span of life if it had not been shortened by the accident, and whatever other factors might assist them in fixing fair and reasonable compensation for the loss sustained by the statutory beneficiaries which resulted from his death. The amount of the loss cannot be demonstrated with mathematical accuracy. Resort must be had to practical common sense and sound judgment. We are of opinion that the evidence warranted a verdict in excess of $2,000 and that the judge was right in refusing to rule that the evidence was insufficient to support a verdict of more than the statutory minimum.

*Exceptions overruled.*