KENDRA MARIE SULLIVAN[1] vs. WILLIAM F. FARRELL
& another, coadministrators[2]
(and a companion case[3]).

Bristol. December 3, 1980. — March 6, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Illegitimate Child. Practice, Civil*, Parties, Control of litigation. *Executor and Administrator*, Action for death.

After a judge had determined that an illegitimate child was her deceased father's "next of kin" for purposes of recovery for wrongful death under G. L. c. 229, § 2, it was proper for him to appoint special counsel to prosecute the child's claim for damages under § 2 rather than permit the action to be brought by the coadministrators of the deceased's estate, who had no financial interest in the action and had opposed the child's status as the deceased's next of kin. [121-122]

CIVIL ACTIONS commenced in the Superior Court Department on January 16, 1979, and January 30, 1979, respectively.

The cases were consolidated for trial and were heard by *Garrity*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*William F. Long, Jr.*, for William Farrell & another.
*Thomas F. McGuire* for Kendra Marie Sullivan.

---

[1] This action is brought by the plaintiff's mother as the next friend of her minor daughter.

[2] The other coadministrator is Mr. John Silvia, Jr. They are coadministrators of the estate of Frank Farrell.

[3] William F. Farrell & another *vs.* Kendra Marie Sullivan. The companion case is an action by the coadministrators against the minor through her mother and next friend.

*Francis X. Bellotti*, Attorney General, *& Linda M. Irvin*, Assistant Attorney General, for the Attorney General, amicus curiae, submitted a brief.

*Robert H. Smith*, for Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

WILKINS, J. Frank Farrell was struck and killed by an automobile on December 23, 1978. He left no surviving spouse. He was survived by his parents and by the minor plaintiff, his illegitimate child. On November 29, 1977, a judge sitting in the Second District Court of Bristol County had adjudicated that Farrell was the father of the minor plaintiff and had ordered him to pay support for her. On January 2, 1979, Farrell's father and Mr. John Silvia, Jr., were appointed coadministrators of Farrell's estate. They asserted claims under G. L. c. 229, § 2, against the persons allegedly responsible for Farrell's death.

On January 16, 1979, a complaint was filed on behalf of the minor child seeking (a) a determination that, as the illegitimate child of Farrell, she was his next of kin as defined by G. L. c. 229, § 1, and (b) an order against the coadministrators of Farrell's estate enjoining them from prosecuting any claim for damages for Farrell's death until the minor child's status was settled.[4] On January 30, 1979, the coadministrators filed a complaint seeking an order prohibiting the minor, through her mother or anyone else, from prosecuting any claim for Farrell's death.

We need not treat the various procedural steps in these cases. Judgment was entered that the illegitimate child was Farrell's next of kin for the purposes of recovery under G. L. c. 229. The judge ordered that counsel for the child be appointed as special counsel to prosecute any claim for damages recoverable under G. L. c. 229, § 2, setting forth

---

[4]Pursuant to G. L. c. 229, § 2, as amended through St. 1973, c. 957, § 1, a deceased's next of kin is entitled to recover damages "in the amount of . . . the fair monetary value of the decedent" to the next of kin. The amount of the recovery for Farrell's wrongful death might differ depending on whether the minor plaintiff or Farrell's parents were his next of kin.

the terms of any compensation to be paid. We transferred to this court the coadministrators' appeal from the judgment and the order.

Although, at the trial stage, the major controversy concerned whether Farrell's illegitimate child was his next of kin for the purposes of recovery under G. L. c. 229, § 2, Farrell's coadministrators no longer challenge the child's status as his next of kin. At the time these proceedings were considered below and briefs were filed on appeal, there was a question whether a child, who was adjudicated to be the illegitimate child of his or her deceased father, could constitutionally be barred from sharing in his or her natural father's estate as the statutes of the Commonwealth then provided. In *Lowell* v. *Kowalski*, 380 Mass. 663 (1980), we held that an illegitimate child whose father had acknowledged her as his child was entitled to share in the distribution of the assets of her father's intestate estate. We held unconstitutional the statutory distinction then in effect (see G. L. c. 190, §§ 5, 7, prior to their amendment by St. 1980, c. 396) between an illegitimate child's right to inherit from his or her natural mother and that child's right to inherit from his or her natural father who had acknowledged him or her as his child. We also noted "a judicial adjudication of paternity as one appropriate method of establishing inheritance rights." *Id.* at 669.

We think the coadministrators of Farrell's estate were correct in conceding that the plaintiff was the deceased's next of kin for the purposes of G. L. c. 229, § 1. We need not decide whether this conclusion is correct as an application, within constitutional limits, of the principles of intestate succession to the words "next of kin" (see G. L. c. 190, §§ 2, 3), or simply as a construction of the meaning of "next of kin" in G. L. c. 229, § 1, without consideration of the statutory rules of intestate succession.

We are left with the coadministrators' challenge to the judge's order appointing the plaintiff's counsel as special counsel to prosecute the tort claim under G. L. c. 229, § 2. The coadministrators point to the provision in G. L. c. 229,

§ 2, that an action under that section should be brought "by the executor or administrator of the deceased." They have acknowledged that the minor plaintiff would receive any recovery in the wrongful death action. They have no further financial interest in the law suit. We think it clear that, on application to the Probate Court, an administrator representing the plaintiff's interests would be substituted for the coadministrators. The judge below did not order a substitution of administrators and had no authority to do so. He did, however, determine that counsel for the real party in interest should be allowed to control the wrongful death claim. This result makes sense. It achieves the practical result that would have been obtained by a substitution of administrators. It permits the party in interest to have counsel of her own choice rather than counsel who once opposed her status as Farrell's next of kin. The judge did not override the purpose of G. L. c. 229, § 2, and acted within his authority in achieving a practical and proper solution to the question of who should prosecute the wrongful death action.

The judgment that the plaintiff is next of kin of her father for the purposes of any recovery under G. L. c. 229 is affirmed, as is the order appointing special counsel to prosecute the wrongful death action under G. L. c. 229.

*So ordered.*