SIEFERD SCHULTZ & another,[1] administrators,[2] *vs.*
VIRGINIA B. GROGEAN.

Middlesex. November 7, 1989. - January 9, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Parent and Child*, Companionship and society, Consortium. *Negligence*,
    Causing death, Causing loss of companionship and society.

In an action by parents arising out of the wrongful death of their emanci-
    pated adult child, the damages recoverable pursuant to G. L. c. 229,
    §§ 1 and 2, include compensation for loss of the child's companionship
    and society. [367-368]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 22, 1986.

A pretrial motion was heard by *Hiller B. Zobel*, J., and a
question of law was reported by him to the Appeals Court.
The Supreme Judicial Court granted a request for direct
review.

*James H. Anderson* for the defendant.

*Leslie E. Bloomenthal* for the plaintiffs.

ABRAMS, J. Pursuant to Mass. R. Civ. P. 64, 365 Mass.
831 (1974), a judge of the Superior Court has reported the
question whether the parents of an emancipated adult child
may recover compensatory damages as next of kin pursuant
to the wrongful death statute, G. L. c. 229, §§ 1 and 2. The
judge denied the defendant's motion in limine to exclude evi-
dence for "any loss of consortium type damages." The judge
reasoned that "[n]o Massachusetts Appellate decision ap-
pears to support [the] Defendant's contention that Massa-
chusetts common law does not recognize 'a claim by a parent

---

[1]Joan Schultz.

[2]Of the estate of Alan T. Schultz.

for the loss of society of an adult emancipated child.'. . . This Court sees nothing in the decided cases to suggest that public policy ought, as it does, to permit a child to recover for a parents' [*sic*] loss, or a parent for the loss of a minor child, and yet deny such recovery to a parent of an emancipated child." The judge reported the denial of the motion because it "affects the merits of the controversy so deeply." We granted the parties' joint application for direct appellate review. We affirm.

The parties' statement of agreed facts is substantially as follows. Alan T. Schultz, the adult son of Sieferd and Joan Schultz, was injured in a work-related accident in April, 1983. Treatment of the injury required, among other things, placing a metal plate in his leg to repair a fracture. On September 12, 1985, Alan entered the Lawrence General Hospital for removal of the metal plate in his leg. The defendant was the anesthesiologist. Alan died under anesthesia.[3]

The defendant argues that the wrongful death statute does not create a right in parents of an adult child to recover for loss of companionship and society (consortium). Relying on *Gaudette* v. *Webb*, 362 Mass. 60 (1972), the defendant asserts that the wrongful death statute does not permit recovery in this case, because "the right to recovery for wrongful death is of common law origin . . . . Consequently, [the] wrongful death statutes will [not] be regarded as 'creating the right' to recovery for wrongful death." *Id.* at 71. From that statement in *Gaudette*, the defendant concludes that the wrongful death statute cannot create what she asserts is a "new" right of recovery for loss of consortium in parents of an adult child. We reiterate, however, that "*Gaudette* does not stand for the proposition that the requirements of the [wrongful death] statute may be disregarded." *Hallett* v. *Wrentham*, 398 Mass. 550, 555 (1986). "Only if the [wrong-

---

[3]The parties' statement of agreed facts also includes facts which could show that Alan's parents were not dependent on Alan, and that Alan was not dependent on them. Because our decision is based on the plain language of the wrongful death statute, these facts are unnecessary to the decision.

ful death] statute is ambiguous, or couched in terms that suggest that we do so, do we look beyond the express statutory language." *Pobieglo* v. *Monsanto Co.*, 402 Mass. 112, 116 (1988).

The wrongful death statute provides for recovery of "the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the . . . services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered . . . ." G. L. c. 229, § 2. Chapter 229, § 1, determines the appropriate recipients of any recovery in a wrongful death action. It provides for the "next of kin" to recover if the decedent has no spouse or issue.

The plain language of the statute permits recovery for those losses akin to loss of consortium. "Words or phrases in a statute are to be given their ordinary meaning. They are to be construed according to their natural import and approved usage."[4] *Burke* v. *Chief of Police of Newton*, 374 Mass. 450, 452 (1978). See *Globe Newspaper Co.* v. *Chief Medical Examiner*, 404 Mass. 132, 136 (1989) ("The court is not free to ignore the plain language of the statute"). Accord, *Golub* v. *Milpo, Inc.*, 402 Mass. 397, 403 (1988); *Pobieglo* v. *Monsanto Co.*, *supra* at 116. See also *Gurley* v. *Commonwealth*, 363 Mass. 595, 598 (1973). Further, the defendant's reliance on legislative history is misplaced. "[W]here the language of the statute is plain and unambiguous, as here, legislative history is not ordinarily a proper source of construction." *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977).

The defendant argues that there is an ambiguity in c. 229, § 1, that permits the use of legislative history and requires a return to the common law rules concerning wrongful death.

---

[4]The defendant's reliance on our statement in *Mone* v. *Greyhound Bus Lines, Inc.*, 368 Mass. 354, 359 (1975), that "judicial action altering the interpretation of statutory language, in an area now considered a part of the common law, is appropriate" is misplaced. We may alter an *interpretation*, but we may not ignore the plain language of a statutory provision.

The defendant asserts that the statute is ambiguous because "section 2 provides for a compensatory scheme of damages while section 1 provides for an equal division of punitive damages among persons within specified classes, regardless of each person's actual loss." She cites *Burt* v. *Meyer*, 400 Mass. 185 (1987), and *Guy* v. *Johnson*, 15 Mass. App. Ct. 757 (1983), in support of her contention that the statute is so vague as to be inapplicable to the question raised in this case. This argument is inapposite.

Both *Burt* and *Guy* involved the issue of the distribution of the proceeds of a wrongful death action *among* those entitled to recover. In *Burt*, we permitted the recovery to be divided on the basis of the compensatory principles referred to in c. 229, § 1.[5] Thus, we affirmed a judgment that gave a surviving spouse more than the one-third statutory share of the compensatory damages and the decedent's issue far less than the two-thirds share indicated in § 1 (3). Similarly, in *Guy*, the Appeals Court affirmed a judgment awarding nearly all the recovery in a wrongful death action to the mother of the decedent and leaving only a nominal award for the father.

These cases recognize that the distribution of an award among those entitled to recover may present legal questions. This case presents no such difficulty. As we concluded in *Burt*, § 1 "determines . . . the 'presumptive takers' of compensatory damages." *Id.* at 191. See *Guy*, *supra* at 761. Alan's parents are the presumptive takers; on this point, there is no ambiguity. Thus, in *Norman* v. *Massachusetts Bay Transp. Auth.*, 403 Mass. 303, 308 (1988), we said in dicta that "[i]f, as a result of the [defendant's] negligence, [the child] had died, his parents, as next of kin, would have been entitled to recover under the wrongful death statute, G. L. c. 229, § 2, for the loss of his consortium." We adhere to that statement in *Norman.* We therefore conclude

---

[5]The specific subsection at issue in *Burt* was c. 229, § 1 (3), which provides that, "[i]f the deceased shall have been survived by a wife or husband and by more than one child surviving either in person or by issue, then one third to the use of such surviving spouse and two thirds to the use of such surviving children or their issue by right of representation."

that G. L. c. 229, §§ 1 and 2, permits parents of a deceased adult unmarried child, as next of kin,[6] to recover for those elements of damages set forth in the wrongful death statute.

The defendant argues that permitting recovery in cases such as this one is poor public policy. That argument is for the Legislature, not the courts. See Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 546 (1947).

The order denying the defendant's motion in limine is affirmed. The case is remanded for further proceedings.

*So ordered.*

---

[6]The defendant's suggestion that the phrase "next of kin" does not include the parents of an adult child is without merit. G. L. c. 190, § 4, incorporates the civil law rules of kinship, according to which parents are kindred of the first degree. See J. Ritchie, N. Alford, & R. Effland, Cases and Materials on Decedents' Estates and Trusts 91 (1988).