Sherman, PJ.
In this action for breach of a contract, plaintiff seeks to recover one thousand four hundred and sixty-one dollars ($1,461.00). The plaintiffs claim was met head on by the defendant’s answer and counterclaim alleging violations of Chapters 93 and 93A, and claiming the contract which allegedly created her debt was void.
The defendant’s motion for summary judgment was allowed after rehearing. There is no merit to the plaintiff’s claim that there was any error on the part of the trial court in rehearing the motion for summary judgment over the objections of the plaintiff. The granting or denying of such a motion for rehearing was solely within the discretion of the judge.
The plaintiffs claim arose as a result of the defendant’s entry into a “membership contract” with the plaintiffs health club. In connection therewith, the defendant paid a deposit of $50.00 and financed the remainder of her membership fee over a period of twenty-four (24) months.
Neither party has raised the issue that the original contracting parties were the defendant and “Holiday Universal Club of North Shore, Inc.”. We infer that the original contracting party assigned the same to a corporate affiliate or parent, or otherwise exercised its transfer rights under the terms of the agreement.
The contract concerned itself at length with the method of payment by the defendant and the defendant-member’s rights of cancellation. At some point in time, the defendant’s financial burden resulted in her default in the payment of the *70 additional fees above her initial deposit. The defendant maintains as part of her defense that the contract sued uponwas violative of the terms of G.L C. 93, §80 and was, therefore, void and unenforceable pursuant to G.L c. 93, § 85.[1]
The alleged offensive provision of the contract states:
Member fully understands and agrees that in participating in one or more of the fitness programs, or using the facilities maintained by Holiday, there is the possibility of accidental or other physical injury.
Member aerees to assume the risk of such injury and further aerees to indemnify Holiday from anv and all liability on the part of Holiday bv either the member or third party as a result of the use bv the member of the facilities and instructions offered bv Holiday . (emphasis supplied).
The relevant portion of G.L C. 93, § 80 provides:
No contract for health club services may contain any provisions whereby the buyer agrees not to assert against the seller or any assignee or transferee of the health club services contract any claim or defense arising out of the health club services contract or the buyer’s activities at the health club.
G.L c. 93, § 85 provides, in relevant part:
Any contract for health club services which does not comply with the applicable provisions of this chapter shall be void and unenforceable as contrary to public policy. Any waiver by the buyer of the provisions of this chapter shall be deemed void and unenforceable by the seller as contrary to public policy.
In response to the defenses and counterclaim of the defendant, the plaintiff argues that any offensive clause should be rendered inoperative without affecting any other clause because of the following contract provision:
This contract will be governed by the laws of the Commonwealth and of the United States. If any part of this contract is unenforceable, this will not make any other part unenforceable.
We are presented with the following issues:
1. Are any of the provisions of the health club contract violative of Chapter 93, § 80?
2. If our answer to the preceding question is in the affirmative, is the entire contract void and unenforceable or is only that clause which is found to be offensive void and the remaining portions of the contract saved by the so-called “severability” clause?
We answer the first question: Yes
We answer the second question: The entire contract is void and unenforceable.
The plaintiff maintains that the alleged offending clause is not an agreement violative of the statute, but is merely an indemnification clause not intended to be statutorily prohibited.
The portion of the contract which the defendant maintains is offensive to the statute clearly contains two separate provisions. The first required the defendant to assume the risk of any injury, however incurred, irrespective of fault and the second required the defendant to indemnify the plaintiff from all claims. The statute was adopted to further the public policy of protecting consumers’ rights and the clause in contention is of the type which was proscribed by the law. The assumption of future unknown risks by the defendant constituted a pre-release and waiver of any liability of the plaintiff.
As to the plaintiff’s argument concerning the divisibility of a contract found to be partially illegal, we find the subject first addressed in Rand v. Mather, 65 Mass. (11 *71 Cushing) 1 (1853). In that case, the Court held:
If any part of an agreement is valid, it will avail pro tanto, though another part of it may be prohibited by statute; provided the statute does not. either expressly or bv necessary implication lemohasis supplied] render the whole void; and provided furthermore, that the sound part can be separated from the unsound and be enforced without injustice to the defendant
The statute clearly indicates that where the offending clause appears, the entire contract is expressly rendered void. Where the legislature intends to save a portion of a transaction but invalidate another portion, it has made such intention clear. Cf. G.L c. 106, § 2-316A. The cases indicate that absent a requirement in a statute that the contract be declared void, a contract should be upheld. See Begelfer v. Najarian, 381 Mass. 177 (1980); Valley Stream Teachers Federal Credit Union v. Commissioner of Banks, 376 Mass. 845 (1978); Town Planning and Engineering Associates, Inc. v. Amesbury Speciality Co., 369 Mass. 737 (1976). The statute in this case, however, specifically requires that the entire contract be rendered null and void as a matter of public policy.
It is notthe legislative intentto permit regulated businesses to ignore the statutes which control their operations by virtue of “savings clauses.” To ignore the express language of the statute would provide no penalty for violating the terms of the same, although it is obvious from § 86 of the statute that it was the Legislature’s intent to make a violation of the statute a per se violation of the Consumer Protection Act as set forth in G.L c. 93A.[2]
Health club regulatory statutes exist in New York[3], Illinois[4], Maryland[5], Connecticut[6], and Tennessee[7], all of which clearly indicate an intent to provide consumer protection similar to c. 93.
“Words or phrases in a statute are to be given their ordinary meaning. They are to be construed according to their natural import and approved usage... the Court is notfree to ignore the plain language of the statute.” Schultz v. Groghean, 406 Mass. 364, 366 (1990).
The contract here is not one of the type entered into by a consumer after painstaking negotiations. The form was obviously prepared by a sophisticated corporate entity for use by its affiliates without regard to individual state consumer protection statutes like G.L c. 93A.
A statutory right or remedy may be waived when the waiver would not frustrate the public policies of the statute. A waiver by contract of statutory rights is permissible when the statute’s purpose is the protection of the property rights of individual parties, rather than theprotection of the general pub lie. Continental Corp. v. Gowdy, 283 Mass. 204 (1933), as cited in Canal Electric Co. v. Westinghouse Electric Corp., 406 Mass. 369, 378 (1990). “A statutory right may not be disclaimed if the waiver could ‘do violence to the public policy underlying the legislative enactment’” Id., at378, quoting Spencerv. Reeder, 382 Mass. 298,413 (1981).
Summary judgment for the defendant on the plaintiffs complaint is hereby affirmed. Pursuant to G.L c. 93, § 86, partial summary judgment on the issue of liability is to be entered for the defendant on her G. L c. 93A counterclaim. The case is remanded for the assessment of damages and attorney’s fees. So ordered.

 G.L. C. 93, §§ 80-85 governs the contractual rights of parties to health club contracts.

 G.L. c. 93, § 86 provides: “Any buyer who has suffered any injury as a result of a violation of Secs. 78 to 88, inclusive,... may bring an action for recovery of damages or other relief,.... multiple damages and attorney fees, as to the extent provided for under Chapter Ninety-three A”

 N.Y. Gen. Bus. Law § 620 (McKinney 1984).

 Ill. Ann. Stat c. 29, para. 51 (Smith-Hurd 1982).

 Md. Comm. Law, Code Ann. §14-12B-01 (1983).

 Conn. Gen. Stat Ann. § 21-216 (West 1985).

 Tenn. Code Ann. § 47-18-301 (1987).