Jeffrey KNOWLTON and Beth Steere, as Administrators of the Estate of Franklin Knowlton and Dorothy Knowlton, as Guardian and Next Friend of Jennifer Knowlton, a Minor, Plaintiffs,

v.

Richard J. SPILLANE, P.J. Spillane Co., Inc., Albert L. Heinen, and Irene M. Heinen, Defendants.

Civ. A. No. 89–1425–WD.

United States District Court, D. Massachusetts.

June 25, 1991.

Brian R. Cunha, Fall River, Mass., for plaintiffs.

John Boyle, Boyle & Morrissey and Philip T. Tierney, Boston, Mass., for defendants.

## ORDER RE: PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT

### (DOCKET ENTRY # 69)

MARIANNE B. BOWLER, United States Magistrate Judge.

The Plaintiffs' Motion to File an Amendment to Plaintiffs' Complaint (Docket entry # 69) was filed on May 30, 1991. The plaintiffs seek to amend their complaint under Mass.Gen.L. ch. 229, §§ 1 and 2 to include claims by the decedent's three adult children for loss of consortium and for punitive damages relating thereto. (Docket Entry # 69).

## DISCUSSION

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." It is well settled that a motion to amend should not ordinarily be denied "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Vargas v. McNamara*, 608 F.2d 15, 18 (1st Cir.1979) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

The plaintiffs in the instant case seek leave to amend the complaint to include claims for loss of consortium by the decedents' three adult children in a wrongful death action. The plaintiffs cite the Massachusetts wrongful death statute, Mass.Gen.L. ch. 229, § 1 as authority for

the addition of the adult children in question as plaintiffs.[1] That statute has been interpreted as defining those entitled to be recipients of any recovery sanctioned in a wrongful death action as "next of kin." *See Schultz v. Grogean,* 406 Mass. 364, 366–367, 548 N.E.2d 180, 181–182 (1990) (deeming parents of deceased adult unmarried child "presumptive takers" in wrongful death action). Mass.Gen.L. ch. 229, § 1 has also been interpreted as creating "presumptive takers" of any damages that may accrue as a result of the wrongful death action. *Guy v. Johnson,* 15 Mass.App.Ct. 757, 761, 448 N.E.2d 1142, 1144 (1983); *see also Burt v. Meyer,* 400 Mass. 185, 191, 508 N.E.2d 598, 602 (1987) (discussing "presumptive takers" pursuant to Mass.Gen.L. ch. 229, § 1). It is at least arguable, based upon *Schultz* and *Guy,* that the three adult children in question in the case at hand are considered "presumptive takers" as "next of kin" for the purposes of a claim under the wrongful death statute.

Once the "presumptive takers" are determined pursuant to Mass.Gen.L. ch. 229, § 1, section 2 of that statute allows for recovery of "the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in § 1." Mass.Gen.L. ch. 229, § 2. Mass.Gen.L. ch. 229, §§ 1 and 2 have been interpreted in conjunction with one another as allowing recovery for a minor illegitimate daughter in *Sullivan v. Farrell,* 383 Mass. 119, 121, 417 N.E.2d 965, 966 (1981), and for the mother of a minor daughter in *Poyser v. United States,* 602 F.Supp. 436, 436 (D.Mass.1984).

Recently, the Supreme Judicial Court of Massachusetts has been willing to extend recovery in a wrongful death action to the parents of a deceased adult unmarried child, stating that "the Court sees nothing in the decided cases to suggest that public policy ought, as it does, to permit a child to recover for a parent's loss, or a parent for the loss of a minor child, and yet deny such recovery to a parent of an emancipated child." *Schultz,* 406 Mass. at 365, 548 N.E.2d at 180.

The defendants, Albert L. Heinen and Irene M. Heinen, cited the following authorities in support of their opposition to the motions in question: *Mendoza v. B.L.H Electronics,* 403 Mass 437, 438, 530 N.E.2d 349, 350 (1988) (denying adult stepchild recovery for loss of parental consortium for injuries suffered); *Norman v. M.B.T.A.,* 403 Mass. 303, 304, 529 N.E.2d 139 (1988) (denying parents' attempt to recover for child's loss of consortium due to injuries suffered). These cases, however, are inapposite to the case at hand, because they only involve injuries suffered and are not applicable to cases involving actual deaths. *See* Mass.Gen.L. ch. 231, § 85X (providing remedy for injuries to dependent adult children). It is the position of this court that based upon the language in *Guy* with respect to presumptive takers and the holding of the Massachusetts Supreme Judicial Court in *Schultz* allowing parental recovery for an adult child, the plaintiffs should be permitted to pursue this avenue of relief. Despite the late stage at which the amendment was filed, discovery has not yet concluded, and the door should not be closed on any potential recovery the plaintiffs may be entitled to at trial.

■ The plaintiffs also wish to amend their complaint to add a claim for punitive damages. The Massachusetts wrongful death statute permits the recovery of "punitive damages in an amount of not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton, or reckless conduct of the defendant or by the gross negligence of the defendant." Mass.Gen.L. ch. 229, § 2. The question of punitive damages often arises at the close of trial, at which point it is within the discretion of the jury to decide whether to award punitive damages. *Peck v. Garfield,* 862 F.2d 1, 5 (1st Cir.1988); *see DaSilva v. American Brands, Inc.,* 845 F.2d 356, 362 (1st Cir. 1988) (jury award of two million dollars not

---

**1.** Mass.Gen.L. ch. 229, § 1(4) states in pertinent part, "If there is no surviving wife or husband, then to the use of the next of kin." *Id.*

shocking to conscience or grossly excessive in a wrongful death action).

The defendants oppose this amendment on the basis that the present action has been ongoing for nearly two years, and the plaintiffs could have foreseen the possibility of punitive damages at an earlier stage in the litigation. It is the opinion of this court, however, in light of the fact that discovery has not yet ended, and that the amendment in question allegedly arose out of information gleaned from an expert during discovery, that the addition of a potentially actionable punitive damages claim should not unduly burden or prejudice the defendant.

### CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Amend Complaint (Docket Entry # 69) is ALLOWED. In the event that the amendments in question necessitate additional discovery on the part of the defendants, the defendants shall file a motion to extend the discovery deadline within ten days of the date of this Order. The defendants shall further specify, in such a motion, the particular discovery requested.