Hillman, J.
The plaintiffs son was a pedestrian who was run over and killed by a drunken driver who fled the scene of the accident. At the time of his death Gary Vander Veer was a 19 year old sophomore at Holy Cross College in Worcester. His estate has brought this action seeking recovery for conscious pain and suffering and wrongful death against the liquor establishment and its owners who allegedly served the drunken driver. Because the defendants have failed to file any responsive pleadings they were defaulted. The plaintiff now seeks a default judgment and an assessment of damages.
Because a default does not concede the amount of damages, unless they are liquidated, or susceptible of arithmetic computation, the amount remains to be determined by proof at hearing. Flaks v. Koegel, 504 F.2d 702 (2nd Cir. 1974). In a case such as this where the court is required to conduct a hearing under Mass.R.Civ.P. 55(b)(2) the hearing is not a trial; if the court determines that the defendant is in default, his liability is established and may not be contested. Reporter’s Notes, Mass.R.Civ.P., 1973.
Based upon the evidence submitted at the hearing on the assessment of damages I find the following. Gary Vander Veer was raised in Hawthorne, New Jersey. His mother and father are still alive and his father is the administrator of his estate. He is also survived by a brother, Todd. As a young man he was an active, vibrant member of his community. He participated in interscholastic baseball, basketball, and soccer. More importantly, he was involved in his high school government and social structure. He participated in a “peer listening program,” a school community service group, and was an active member of the St. Anthony, R.C. Church of Hawthorne, New Jersey.
He was a member of the high school National Honor Society, and graduated from high school with honors. He was accepted at, and enrolled in, The College of the Holy Cross, in Worcester. He was a history major and had expressed interest in becoming a priest.
During the early morning hours of January 25, 1998, some friends and he had been at a local tavern. The group was walking back to the Holy Cross campus from the tavern when he was struck by a motor vehicle driven by Scott Raskett. Mr. Raskett had just left a barroom called Walshy’s which is located on Main Street in Worcester. He was intoxicated and driving at a high rate of speed. Mr. Raskett did not stop his vehicle after hitting Mr. Vander Veer and left the scene of the accident. Mr. Raskett was confronted by the police after arriving at home, was arrested and ultimately convicted of criminal conduct. The accident happened at approximately 2:20 a.m. Mr. Vander Veer was transported to St. Vincent’s hospital where he was pronounced dead shortly after 3:00 a.m. While at Walshy’s on the night of January 24, and the early morning of January 25 Mr. Raskett had been involved in several altercations and at least one bartender of the establishment had “shut him off.”[3]
The plaintiff may recover the “fair monetary value of the decedent" to the statutory beneficiaries. The beneficiaries may recover for the loss of the reasonably expected net income of the decedent. G.L.c. 229, s. 2. This statute permits recovery for those losses akin to loss of consortium. Schultz v. Grogean, 406 Mass. 364 (1990). This includes compensation for the loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the statutory beneficiaries. G.L.c. 229, s. 2. Additionally the plaintiff is entitled to recover the reasonable medical and funeral expenses of the decedent and for the conscious pain and suffering for the decedent.
In assessing the damages for wrongful death, this court may consider the age, occupation, amount, source, and permanence of the income of the decedent, the contributions made by the decedent to statutory beneficiaries, the probable life span of the decedent if his life had not been shortened by the accident and whatever other factors might assist the *59 finder of fact in making fair and reasonable compensation for the loss sustained by the beneficiaries. Durdle v. Baron, 328 Mass. 460 (1952).
It is obvious that Gary Vander Veer was on his way to being a responsible, productive member of society. His school records reflect a committed and compassionate young man who had the intelligence and discipline to be a success at whatever field of endeavor he chose. It is equally clear that he was beloved son and brother whose loss is incapable of economic computation. However laudable the intent of the wrongful death statute, no amount of money can adequately compensate his family for his loss. This court is convinced that the value of Mr. Vander Veer’s society and companionship to his parents and brother was considerable. His commitment to his school and community makes it abundantly clear that he would have been economically and emotionally supportive of his parents and brother as he matured.
Accordingly, this court assesses damages against the defendants jointly and severally on counts two, four, and six (the wrongful death counts). Despite the fact that liability was established on counts one, three, and five (the conscious pain and suffering counts) by the defendants’ default, this court assesses no damages. A review of the medical records and witness statements does not establish any consciousness of the plaintiff after the accident. A recovery of damages under the statute for conscious suffering is not permissible if there is no evidence of consciousness of the decedent after the accident which results in death: there must have been pain or at least consciousness of injury. Baldassare v. Crown Furniture Co., 349 Mass. 183 (1965), Carr v. Arthur D. Little Inc., 348 Mass. 469 (1965).
ORDER
On Counts two, four, and six of the plaintiffs complaint this court assesses damages jointly and severally against all defendants in the amount of $1,500,000.00 together with interests and costs. On counts one, three, and five of the plaintiffs complaint the court makes no monetary award.

Since there is no claim for punitive damages this court need not assess or place a value on the conduct of the defendants in serving alcohol to an intoxicated and belligerent patron.